(105 So. 510)

No. 26840.

## STATE ex rel. SKELLY v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.

(July 13, 1925. Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

States ☞53—Suit for reinstatement of civil service employee held barred by laches.

Where civil service employee who came under provisions, and was entitled to all rights and immunities, prescribed by Const. 1913, art. 322, and Act No. 15 of the Extra Session of 1915, was discharged on October 15, 1919, and filed suit for reinstatement on April 24, 1922, he was guilty of laches, and suit was barred, even though he was led to believe that determination of a pending suit would have been determinative of his rights; record showing no one in authority held out such promise to him.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by the State, on the relation of J. P. Skelly, against the Board of Commissioners of the Port of New Orleans. From a judgment for defendant, plaintiff appeals. Affirmed.

Francis Williams and Augustus G. Williams, both of New Orleans, for appellant.

Harold A. Moise, of New Orleans, for appellee.

BRUNOT, J. This is a suit by a civil service employee for reinstatement as an employee of the board of commissioners, and for salary at the rate of $225 per month from October 15, 1919, until the date of his reinstatement to the office from which he was dismissed.

From an adverse judgment the plaintiff appealed.

We have reached the conclusion that plaintiff came under the provisions and was entitled to all of the rights and immunities prescribed by article 322 of the Constitution of 1913 and Act 15 of 1915 Extra Session, and that the only question to be decided in this case is one of laches.

Plaintiff was employed by the dock board as chief of the time inspection department. He had taken the civil service examination and had been graded 100 per cent., or perfect. He was dismissed from the service on October 15, 1919. We say dismissed advisedly, because the pretended abolition of the position he filled was a mere subterfuge, designed to rid the service of the presence of a politically objectionable employee. Plaintiff filed this suit for reinstatement on April 24, 1922, more than 2½ years after his dismissal. His explanation is that there were other cases of a similar character pending, and that he was led to believe that the final decision in those cases would be determinative of his rights. The proof in the record does not show that any one in authority made him any promise, or held out such a hope to him. We believe that plaintiff was harshly and unjustly dealt with, but we realize that in the absence of prompt action on his part to correct the evil, the taxpaying public have an interest that is paramount to that of plaintiff, and such a vital interest as the courts of the land cannot ignore.

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he

should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.'

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached, and in such an accumulation of unearned salary that, when unexplained, the manifest iniquity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy."

Arant v. Lane, 249 U. S. 367, 39 S. Ct. 293, 63 L. Ed. 650.

The authorities, in so far as we have been able to discover, are in accord with the conclusions announced in Arant v. Lane, and that case is similar to the case at bar.

For these reasons, the judgment appealed from is affirmed, at appellant's cost.