### JONES v. KELLOGG et al.
### No. 10867.

Court of Civil Appeals of Texas.
San Antonio.
May 8, 1940.

Rehearing Denied May 29, 1940.

Joe Burkett, of San Antonio, and Atlas Jones, of Uvalde, for appellant.

Suttle & Kessler, of Uvalde, for appellees.

MURRAY, Justice.

This is an appeal from an order of the District Court of Uvalde County dismissing an attempted appeal to that court from an order of the County Court of Uvalde County, wherein A. L. (Casey) Jones was denied leave to change his beer business from 103 West Front Street, in the City of Uvalde, to a place one mile off Highway No. 90, east of the City of Uvalde.

The only question here presented is whether the district court has jurisdiction to hear an appeal of this nature.

The district court has no appellate jurisdiction over orders of the county court, unless such jurisdiction is expressly given it by law. Section 8, Art. 5, Constitution of Texas, Vernon's Ann.St.; Arts. 1906, 1907 and 1908, R.C.S.1925; 11 Tex.Jur. 724.

Article 667—6, Vernon's Penal Code, prescribes the method of applying for a license to sell beer and provides for an appeal from a refusal of the County Judge to grant the license. The same article, Sec. 7, provides for the expiration and renewal of licenses, and also the method of applying for a change of address by a license holder from one location to another, this section providing in part as follows: "Should any holder of a license desire to change the place of business designated in such license, he may do so by applying to the County Judge and receiving his consent or approval as in the case of original application for license as herein provided."

It is the contention of appellant that this reference, contained in Section 7, refers back to Section 6, and adopts the method of appeal provided for therein as the method of appeal where an application for a change

of address is denied. We overrule this contention. If it was the intention of the legislature to provide for an appeal from the county court to the district court, where an application for a change of address was refused, there should have been a plain provision to this effect. Davis v. Hubbard, Tex.Civ.App., 233 S.W. 875.

The district court did not have jurisdiction to hear this appeal and for a like reason we do not have jurisdiction to hear this attempted appeal from the district court.

The appeal will be dismissed.