People of the State of Illinois ex rel. Paul Kornfeind, Appellee, v. Park Employees' Annuity and Benefit Fund et al., Appellants.

Gen. No. 41,471.

Heard in the second division of this court for the first district at the October term, 1940. Opinion filed March 24, 1942. Rehearing denied April 11, 1942.

JOHN O. REES, of Chicago, for appellants; MARTIN G. LOEFF, of Chicago, of counsel.

RICHARD F. MCPARTLIN, JR., of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This action in certiorari was brought by plaintiff, Paul Kornfeind, against the defendants, the Park Employees' Annuity and Benefit Fund (hereinafter for convenience sometimes referred to as the Pension Fund) and the trustees thereof, to quash the record of the proceedings of said Pension Fund which included a denial by said trustees of plaintiff's application for an allowance of duty disability benefits, said record having been filed pursuant to a writ of certiorari ordered to issue by the trial court. The judgment entered herein ordered "that the record of the proceedings of the Park Employees' Annuity and Benefit Fund be and it is hereby quashed and that the Park Employees' Annuity and Benefit Fund be and it is hereby ordered to pay to PAUL KORNFEIND, plaintiff herein, all money due him under Section 27 of 'An Act Relating to the Park Employees' Annuity and Benefit Fund,' less any deductions due from him under the provisions of the foregoing Act.'' Defendants appeal from said judgment.

The petition for certiorari alleged substantially that plaintiff was employed by the Chicago Park District as a building and construction laborer; that on January 12, 1937, while performing his duties in and about the swimming pool in Washington Park, he was injured; that because of his injuries he was unable to perform his duties from January 12, 1937 to September 15, 1937; that during that period of disability the Chicago Park District paid plaintiff $15 a week as provided by the Workmen's Compensation Act; that under the terms of the Pension Fund Act plaintiff became a member of said fund; that it was the duty of his employer Chicago Park District to deduct the necessary contributions toward said fund from his salary as a member of the classified service; that on January 12, 1939 he made application for duty disability benefits; that the Pension Fund, at a meeting of its board of trustees held February 12, 1939, denied

him the benefits of said act; and that the decision of such board of trustees is contrary to law.

The petition concluded with the prayer that a writ of certiorari issue to "bring the record of said proceedings of the Retirement Board of the Park Employees' Annuity and Benefit Fund . . . together with all its findings and decisions of said Board of Trustees" before the court and that "said finding, decision and order may be reversed and set aside and wholly for naught esteemed."

Defendants' return to the petition shows the receipt of a letter by them on January 13, 1939 from plaintiff's attorney in which he stated that he represented plaintiff, that plaintiff was injured on January 12, 1937 while he was working as an employee of the Chicago Park District, that by reason of said injury he was disabled so that he was unable to perform his duties, and that the Chicago Park District paid him the benefits due him under the Workmen's Compensation Act. The letter concluded with a demand that plaintiff be paid the amount due him as disability benefits under the provisions of the Pension Act.

The return then shows a communication under date of January 16, 1939 from the managing actuary of the Pension Fund, addressed to the Chicago Park District, referring to the request of plaintiff and stating that the Pension Fund had no record of service by Kornfeind as an employee of said Park District prior to April 1, 1937, and requesting information concerning him; and a letter from the Chicago Park District to the Pension Fund stating that plaintiff was employed in the service of the Chicago Park District as a building and construction laborer from October 1, 1936 to April 1, 1937. The return further shows the application of Kornfeind to the Pension Fund for duty disability benefits, which was received January 27, 1939; the action of the Pension Board denying the demand of plaintiff for disability benefits because of the fact

that he was not a participant in the Pension Fund nor a contributor thereto on the date of his injury, he having been previously excluded from participation in said fund because of the temporary character of his employment on W.P.A. projects; and that by reason of that fact he was not eligible for the benefits provided by the Pension Fund because of his injury.

Defendants' theory as stated in their brief is that "the Annuity and Benefit Fund is a separate quasi corporation, created by statutory authority, having no connection with the Chicago Park District; that before a person can become a member of the Fund and be entitled to its benefits, two things must occur; the deductions specified in the statute must be made from the employee's salary for certain benefits, and the Chicago Park District must levy a tax and contribute to the funds on the basis of their proper allotment; that despite the fact that it is not necessary for the employee to make any contribution in order to be entitled to duty disability, it is incumbent upon the Chicago Park District to make such contribution and upon the employee to see that such contribution is made; that until such contributions and deductions are made, the employee is not a member of the Fund and cannot be entitled to the benefits thereof; that membership in the Fund is not divisible; that a person cannot be a member or have any rights in or to one of the Funds specified in the Act and still not be a contributor or member of the other Funds specified in the Act; that in order that plaintiff be entitled to the benefits of the Act, it is necessary that all proper deductions provided by statute be made from his salary and that the Chicago Park District make all necessary contributions; that such deductions and contributions not having taken place in the matter of the plaintiff, he is not entitled to duty disability benefits."

Plaintiff's position is that his employment by the Chicago Park District on and prior to January 12,

1937, the date of his injury, automatically made him a member of the Pension Fund; that he thereby became entitled to disability benefits as provided by the act establishing said fund; and that "he should not be deprived of disability benefits under the act because of the failure of the Chicago Park District to make em-•ployees disability deductions from plaintiff's salary and to pay the amount of the deduction together with its employer's contribution to the fund as required by the act."

Plaintiff was a laborer under temporary employment by the Chicago Park District and as such was automatically covered by the Park Employees' Annuity and Benefit Fund Act (Ill. Rev. Stat. 1939, ch. 105, pars. 401 *et seq.* [Jones Ill. Stats. Ann. 100.612 *et seq.*]), which by its terms was compulsory. Section 31 (par. 433) of said act [Jones Ill. Stats. Ann. 100.644] provides in part as follows:

"Any person classed as an employee, as defined in ,this Act, or any person who shall hereafter become classed as an employee as defined in this Act, shall by such employment accept the provisions of this Act and thereupon become a contributor under said Act in accordance with the terms thereof, and the provisions of this Act shall become a condition of the employment of such person and part of any contract of employment entered into by and with any such person."

It was, clearly contemplated by the legislature that no person could be an employee of the Chicago Park District without at the same time being a member of the Pension Fund and the statute imposed the duty upon the Chicago Park District of compelling its employees' membership in said fund by the right given to it to deduct such employees' contributions from their salaries. Plaintiff had been appointed October 1, 1936, to the position held by him January 12, 1937, the date of his injury. He was carried on the payrolls as a laborer assigned to W.P.A. projects. Defendants

make this statement in their brief: "The Civil Service and Personnel Department of the Chicago Park District erroneously interpreted the provisions of the Park Employees' Annuity and Benefit Fund Act as not applicable to temporary employees on W.P.A. projects. It is frankly admitted that they were in error in so doing. For that reason, no deductions were made by the Park District from the salary of the employee for Annuity and Benefit Fund purposes or for the employee's contributions to the Annuity and Benefit Fund." The Park District not only did not deduct the amount of plaintiff's contributions from his salary and transmit same to the Pension Fund but it made no contributions itself to said fund on plaintiff's account as it was required to do under the statute. Neither did it report to the trustees of the Pension Fund the name of plaintiff as one of its employees prior to January 12, 1937. As heretofore stated it was on that date that he was injured in the performance of his duties and the fact and the period of his disability are not in question.

Defendants assert that "the employee at no time made any request that his contribution to the Pension Fund be deducted from his salary or that he be made a member of the Fund." It must be remembered that plaintiff was a laborer and whether or not he was familiar with the interpretation given the Pension Fund Act by the officials of the Chicago Park District, whereby they decided that the provisions of said act were not applicable to him, it is not reasonable to suppose that such officials would have acceded prior to plaintiff's injury on January 12, 1937 to any request or demand made by him for a change in their interpretation of the Pension Act in so far as it pertained to him. The rule is firmly established that to preserve one's rights no request or demand is necessary where under the circumstances same would be useless or unavailing.

On or about April 1, 1937, the Civil Service Board of the Chicago Park District changed its interpretation of the Pension Fund Act in order to comply with its plain provisions. The Park District then commenced making deductions from salaries of laborers assigned to W.P.A. projects and made the necessary contributions to the Pension Fund in their behalf, as required by the statute, as it admits it should have done on plaintiff's account from the date of his employment, October 1, 1936.

Since the Chicago Park District and the Pension Fund are separate legal entities it is obvious that the admitted negligence and violation of the Pension Fund Act by the former cannot be chargeable or attributed to the latter and said act imposed no duty upon the trustees of the Pension Fund to examine the records of the Park District to ascertain who its employees were. It was their duty, however, to compel the Park District to comply with the provisions of the act as to those employees reported to the Pension Fund and plaintiff was eventually reported to said fund as an employee of the Chicago Park District.

As heretofore stated plaintiff automatically became a member of the Pension Fund and entitled to all of its benefits by reason of his employment and on the date of his employment. Even though the Pension Fund and its trustees were entirely guiltless of any wrongful conduct toward plaintiff prior to and on the date of his injury can he be deprived of rights given him under the statute merely because the Park District failed to perform its duties and functions under the Pension Act? We think not. This proceeding was instituted to establish plaintiff's right to receive the benefits that the Pension Act contemplated he should receive. This enactment was intended for plaintiff's benefit and welfare. It cannot be said that he failed to perform any condition imposed upon him by the statute. His right to the disability benefits claimed having

been established by the fact of his employment, his further right to the relief sought in this case is not dependent upon his showing that the defendants were negligent but rather upon the refusal of the trustees of the Pension Fund to grant his application for disability benefits after they had been advised that he was an employee of the Chicago Park District on the date of his injury and therefore entitled to receive said benefits.

Section 5 (par. 405) of the Pension Fund Act [Jones Ill. Stats. Ann. 100.616] provides in part as follows:

"The retirement board shall keep such books and records as are necessary for the transaction of its business. It shall see that all deductions from salary and that contributions to be made by each employer under the provision of this Act are being made, and that all funds thus collected are being deposited when collected with the custodian of the fund. It shall see that all the other duties of each employer are being performed, and *in the event that an employer fails to perform any duties imposed on said employer under the provisions of this Act, it shall be the duty of the retirement board to take such steps as in its judgment seems advisable to enforce compliance on the part of such employer with the provisions of this Act.*" (Italics ours.)

Although plaintiff was not reported to the Pension Fund as an employee until January 21, 1939, it seems clear under the foregoing provisions of the statute that, even though such report was rather belated, the Chicago Park District may be compelled by said Pension Fund to make the contributions to it in plaintiff's behalf that it should have made during the period of his employment. This being so, defendants' contention that to grant plaintiff the relief sought would penalize the Pension Fund and its members is without merit. The judgment entered in this cause orders that plaintiff be paid the disability benefits claimed less the

amount of the deductions that should have been made from his salary during the period of his employment as his contribution to the Pension Fund. Thus since the judgment appealed from provides that the amount of the contributions that plaintiff should have made during the period of his employment must be deducted from the disability benefits allowed him, if the Pension Fund takes the proper steps to compel the Chicago Park District to make the contributions on plaintiff's account that it should have made during the period of his employment, said fund will have received all the contributions in plaintiff's behalf that it should have received if said Park District had originally complied with the provisions of the Pension Act.

Something is said in defendants' brief about the matter of the Park District tax levy precluding plaintiff from the relief sought. In our opinion the tax levy has no more bearing on the instant situation than it would have had if plaintiff had been injured on the very first day of his employment and disabled to the same extent as he was here. In that case although no deduction could have been made from his salary, since same was not yet due, and no contribution could have been made under the circumstances to the Pension Fund by his employer in his behalf, and in all likelihood the fact of his employment would not have been reported to the Pension Fund, it must be conceded that he would have been entitled to disability benefits under the statute. Under such circumstances his right to said benefits would be not only primarily but solely based on the fact that he was an employee and the method or manner or time of making the Park District's tax levy could hardly be interposed as a defense to a claim for the payment of the benefits due him.

Defendants contend that plaintiff's right to the relief sought is barred by laches. It will be recalled that about two years intervened between the date of plain-

tiff's injury and the date of his application to the Pension Fund for disability benefits. Mere delay in asserting a right does not constitute laches. The general rule is that laches will not be considered a good defense unless the defendants are prejudiced by the delay. (38 C. J. 831.) Here no prejudice was shown.

For the reasons stated herein the judgment of the circuit court is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.