## ZIEBELL v. HALL et al.
### Nos. 11964, 11965.

Court of Civil Appeals of Texas.
San Antonio.
April 6, 1949.

Rehearing Denied May 4, 1949.

R. L. Longoria, McAllen, R. M. Bounds, McAllen, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellees.

PER CURIAM.

Appellant, Earl Ziebell, prior to February 2, 1949, was the owner of permit No. 63993, Class A, Beer and Wine permit and conducted his business at 1314 Chicago Avenue in the City of McAllen, Hidalgo County, Texas. On February 2, 1949, he filed an application with the County Judge of Hidalgo County, seeking a permit to move his place of business to 1312 Chicago Avenue, which was next door to his place of business. A hearing was had before the County Judge and the application was denied on the 25th of February, 1949. From that order appellant prosecuted an attempted appeal to the 93d District Court of Hidalgo County.

On the 3d day of March, 1949, Hon. W. R. Blalock, Judge of the 93d District Court, entered his decree dismissing this attempted appeal for want of jurisdiction. On the 1st day of March, 1949, appellant gave notice of appeal from the County Court to the Court of Civil Appeals, and thereafter filed his record in this Court, which was docketed as cause No. 11964. Appellant likewise gave notice of appeal from the District Court order dismissing his cause, and he has here filed a transcript in that proceeding, which has been docketed as cause No. 11965.

Appellees have filed motions in both of these attempted appeals asking that they be dismissed for want of jurisdiction in this Court to hear either. Appellees' motion No. 15947 seeks to dismiss cause No. 11964, which is the attempted appeal from the District Court. We are of the opinion that this motion is good and that this appeal should be dismissed because there is no provision for an appeal from the County Court to the District Court from an order denying to a holder of a beer and wine permit the right to change his place of business. The case of Jones v. Kellogg, Tex. Civ.App., 140 S.W.2d 592, is directly in point upon this question.

However, appellant calls our attention to the fact that since Jones v. Kellogg, supra, was 'decided certain provisions of the Penal Code relating to beer and wine permits have been amended by the Legislature. Art. 667—7(d), Vernon's Penal Code, which relates to applications for leave on the part of beer and wine dealers to change their place of business has been amended by adding thereto, "any such application may be subject to protest and hearing as though it were an original application." We cannot give this added language the meaning that an appeal is allowed from an order of the County Judge refusing to permit a beer and wine dealer to change his place of business. It is true that Article 667—6(e), Vernon's Penal Code, provides for an appeal in the event the County Judge shall enter his judgment denying the application for a license, to the District Court of the county, etc., and it is also true that Article 666—14, Vernon's Penal Code, provides for an appeal from the refusing, cancelling or suspending of a permit or license. But we find no language in any of the above provisions of the statute which would authorize an appeal from an order of the County Judge refusing to permit a beer and wine dealer to change his place of business, and we therefore adhere to our rule in Jones v. Kellogg, supra, to the effect that there is no right of appeal under such circumstances from the County Court to the District Court. Therefore, appellees' motion No. 15948 will be granted and this cause dismissed for want of jurisdiction.

As to cause No. 11964, which is an attempted direct appeal to this Court from the order of the County Judge refusing appellant the right to move his place of business to another address, we are likewise of the opinion that this attempted appeal must be dismissed.

■ Appellees have filed Motion No. 15947, challenging our jurisdiction to hear and determine this appeal. Appellants have answered by stating that they have the right to maintain this appeal directly from the County Court by reason of the provisions of Articles 1819 and 2249, Vernon's Ann.Civ.Stats. We cannot agree with this contention. These articles are general in

their nature and provide for an appeal from the County Court and the District Court from a final judgment in a "civil suit." An order of a County Judge denying to a beer and wine dealer the right to change his place of business is not a final judgment in a "civil suit". Lane v. McLemore, Tex.Civ.App., 169 S.W. 1073; Kruegel v. Williams, Tex.Civ.App., 158 S. W. 1052; Gibson v. Templeton, 62 Tex. 555; Jones v. Kellogg, Tex.Civ.App., 140 S.W.2d 592.

Accordingly, appellees' Motion No. 15947 will be granted and this attempted appeal dismissed for want of jurisdiction.

Appellant has filed: Motion No. 15939, to consolidate these two causes, Motion No. 15940, to strike certain appellees, and Motion No. 15941, to advance these causes. In view of the fact that we are today granting appellees' motions to dismiss these two attempted appeals we find it unnecessary to pass upon the above motions and the same are therefore dismissed.