**CITY OF SAN ANTONIO et al., Appellants,**

v.

**Atilano S. CASTILLO and Ernest P. Kneupper, Appellees.**

Nos. 13052, 13053.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 5, 1956.

Rehearing Denied Oct. 3, 1956.

Carlos C. Cadena, Mayo J. Galindo, San Antonio, for appellant.

Adrian A. Spears, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by the City of San Antonio, a municipal corporation, and the Firemen's and Policemen's Civil Service Commission of the same City, from two summary judgments, one in favor of Atilano S. Castillo and the other in favor of Ernest P. Kneupper, which, among other things, ordered both of them restored as members of the San Antonio Police Department and granted to each a recovery of accrued back pay and other benefits.

When the decisions in the cases of City of San Antonio v. Wiley, Tex.Civ.App., 252 S.W.2d 471, and City of San Antonio v. Hahn, Tex.Civ.App., 274 S.W.2d 162, are considered, it is apparent that both Castillo and Kneupper were not legally discharged and are entitled to be reinstated and to recover accrued back pay and other benefits, unless they have been guilty of laches.

In fact, the only basic question presented by this appeal is whether appellants were entitled to have the fact issue of laches submitted to a finder of facts.

■ Castillo and Kneupper were both employed in the Police Department at the time Article 1269m, Vernon's Ann.Civ. Stats., was adopted and had been for more than six months prior thereto, and therefore were members of the Police Department of San Antonio by reason of § 24, Art. 1269m, supra. City of San Antonio v. Hahn, Tex.Civ.App., 274 S.W.2d 162. Kneupper was employed as a collector in the Parking Meter Division of the Police Department and Castillo was employed as a maintenance carpenter in the same department. Kneupper was wrongfully discharged on June 30, 1951, and Castillo on August 1, 1951. Castillo was reemployed by the City of San Antonio as a gardener in the Parks Department for a period of thirty-five months.

Kneupper contends that he was told by G. M. Roper, the then Commissioner of Fire and Police of the City of San Antonio, that he, Roper, would present Kneupper's claim to the Fire and Police Civil Service Commission and that he relied upon this statement. In 1953, when the Wiley case was decided, Kneupper requested a hearing before the Commission which on June 22, 1953, recessed his case until the decision was made in the Hahn case. After the decision in both of these cases, Kneupper again requested a hearing before the Commission, which on January 18, 1955, ruled that it had no jurisdiction. Promptly thereafter Kneupper filed his suit.

Castillo did not request a hearing before the Fire and Police Commission, because he was advised he should wait until after the Wiley and Hahn cases were decided. After the Commission held that it did not have jurisdiction to hear Kneupper's case, Castillo promptly filed suit.

Both Castillo and Kneupper instituted their suits within four years after they were discharged, and if only the statutes of limitation, Art. 5529, Vernon's Ann. Civ.Stats., apply, then their suits were filed in time, but if the defense of laches and stale demands apply, they may be cut off from maintaining these suits.

■■ We are definitely of the opinion that the defense of laches is available to a city when sued by a discharged employee under the provisions of Art. 1269m, supra. An employee who is seeking reinstatement and accrued back pay must realize that after he is discharged the city must employ and pay another to do the work he has been doing and that if he recovers accrued back pay, he will be recovering pay for work which he has not done and which has been done by another who has been paid by the city. Under such circumstances, if he does not wish to acquiesce in his discharge he should promptly seek a hearing before the civil service commission, and if refused relief by it then institute suit. Annotations, 145 A.L.R. 767; Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120; State ex rel. Skelly v. Board of Com'rs of Port of New Orleans, 159 La. 465, 105 So. 510; Nicholas v. U. S., 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133; Williams v. Livingston Parish School Board, La.App., 191 So. 143; Jones v. Doonan, 265 Mich. 384, 251 N.W. 571; Hayman v. City of Los Angeles, 17 Cal.App.2d 674, 62 P.2d 1047; City of Chicago v. Condell, 224 Ill. 595, 79 N.E. 954.

■ Laches may be asserted in such a case prior to the running of the period of limitation. Conrads v. Kasch, Tex.Civ. App., 26 S.W.2d 732, error refused, 119 Tex. 449, 31 S.W.2d 630; Los Angeles Heights Independent School District v. Chestnut, Tex.Civ.App., 287 S.W. 693; Galveston, H. & S. A. R. Co. v. Cade, Tex. Civ.App., 93 S.W. 124, error refused, 100 Tex. 34, 94 S.W. 219. Thus we conclude that the burden was upon appellees in this summary judgment proceeding to show the want of a genuine fact issue as to laches. and unreasonable delay by them.

When the entire record is viewed it becomes apparent that the discharge of appellees was not just an isolated transaction,. as heretofore stated, but was brought. about by a general policy of the city authorities, and that some twenty other employees in the police department were discharged at or about the same time. It is further apparent that the Wiley case and the Hahn case were conducted more or less as test cases. Appellees contend: that they were told that it was the desire of those in authority that they should wait. and be governed by the decisions in these cases. Appellees filed many affidavits showing or tending to show that they were waiting for the decisions in the Wiley and Hahn cases before pushing their claims against the City, and that they were induced to do so by these suggestions. The city filed only two affidavits, one by C. J. Matthews, Assistant City Attorney, and the other by Frank S. Manuppelli, Personnel Director of the City of San Antonio. Their affidavits do not materially contradict the affidavits filed by appellees.

■ In a summary judgment proceeding the question is whether or not there is a genuine issue of fact and not how that issue should be decided. Gifford v. Travelers Protective Association, 9 Cir., 153. F.2d 209.

■ If there is a disputed issue of fact here as to whether or not the appellees. were guilty of laches resulting in injury to the City, the summary judgments should. be set aside, and the burden was on appellees to show that there was no such genuine issue. 30 C.J.S., Equity, § 112,. p. 521; Brady v. Garrett, Tex.Civ.App.,. 66 S.W.2d 502; State ex rel. Exnicios. v. Board of Commissioners of Port of New Orleans, 153 La. 705, 96 So. 539; People ex rel. Tierney v. Scannell, 27 Misc. 662,.

59 N.Y.S. 679; State ex rel. Bennetts v. Duncan, 47 Mont. 447, 133 P. 109; State ex rel. Prior v. Kansas City, Mo., 261 S.W. 112; Coleman v. Kansas City, 351 Mo. 254, 173 S.W.2d 572; People ex rel. Kornfield v. Park Employees' Annuity and Benefit Fund, 314 Ill.App. 101, 40 N.E.2d 798; Hetherington v. La Guardia, 186 Misc. 316, 59 N.Y.S.2d 218; Barbarita v. Board of Estimate, Sup., 83 N.Y.S.2d 854.

It is true that neither appellee promptly asked for a hearing before the Civil Service Commission. Kneupper waited until the Wiley case was decided before asking for such a hearing, and then his hearing was adjourned to await the decision of the Hahn case. Castillo waited until after the decision of the Hahn case to ask for a hearing before the Civil Service Commission.

■ The City plead the defense of laches but filed no affidavits other than those of Matthews and Manuppelli, heretofore mentioned. The appellees filed requests for admissions which were made in addition to the filing of a number of affidavits. The very purpose of a motion for summary judgment is to pierce the pleadings and get down to the question as to whether there is a genuine fact issue to be determined by the finder of facts. Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832. The City failed to show by affidavits or otherwise that it was injured by the delay of appellees in asking for a hearing before the Civil Service Commission. Mere delay in itself does not show laches, it must be unreasonable delay which has worked injury to another person. If the City was not injured by the delay of appellees in pressing their claims then appellees were not guilty of laches. See authorities next above cited.

■ It is apparent here that regardless of whether appellees had promptly requested a hearing before the Civil Service Commission and had promptly

filed their suits after such a hearing, the result would have been the same. As heretofore stated, the discharge of appellees was not an isolated transaction, it was in furtherance of a general policy of the City in which some twenty other employees of the Police Department were discharged. It is clear that all parties concerned understood that the Wiley and Hahn cases were test cases, and the City had no intention of restoring any of these employees to their former status unless and until the Wiley and Hahn cases were decided. The City did not file an affidavit showing that its position had been changed for the worse, or that it had been injured in any other manner, due to the delay on the part of appellees in filing their requests for a hearing before the Civil Service Commission and in filing their suits promptly thereafter. It is true that the City in its pleadings set up the defense of laches, but when appellees filed their motion for a summary judgment, based upon the admissions of the City, the affidavits of the parties and other persons, tending to show that the City and the Civil Service Commission were making test cases out of the Wiley and Hahn cases and desired that appellees take no further action until those cases were decided, it became the duty of the City to come forward with something more than its mere pleadings to show that it had been injured by the delay of appellees and had been induced by such delay to change its position for the worse, or had been injured in some other manner. Sparkman v. McWhirter, supra; McDonald, Texas Civil Practice, Vol. 4, §§ 17, 26, par. IV, sub-par. iii, page 1388; Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1235, p. 82; Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742; McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236.

■ The City next contends that Castillo abandoned his right to be restored to the rolls of the Police Department by

accepting another job with the City in the Parks Department. We do not agree. There was nothing inconsistent in the two jobs. The trial court credited the City for all sums it had paid to Castillo as a park employe.

We feel that under all the facts and circumstances in this case, shown by the general situation, the admissions of the City and the affidavits filed by appellees, the trial court did not err in finding that there was no genuine fact issue as to laches or unreasonable delay on the part of appellees and in rendering summary judgments in favor of appellees.

The judgment is affirmed.