**CITY OF SAN ANTONIO et al., Appellants,**

v.

**John J. STAUFFER, Jr., Appellee.**

**No. 13511.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 23, 1959.

Rehearing Denied. Jan. 27, 1960.

---

**444**

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellants.

Adrian Spears, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal by the City of San Antonio and the Firemen's and Policemen's Civil Service Commission, from a judgment of the 131st District Court of Bexar County in favor of John J. Stauffer, Jr., ordering him reinstated as a fireman in the Fire Department of the City of San Antonio, and permitting him to recover back pay from March 11, 1958.

The record shows that on November 1, 1955, Stauffer was appointed a fireman in the City of San Antonio. On July 5, 1956, he took a military leave of absence, and on December 21, 1956, was given a medical discharge from the Army. In January, 1957, he talked to the Fire Chief of San Antonio, and on March 9, 1957, wrote a letter to the City Personnel Manager requesting reinstatement in some kind of a job with the Fire Department that would not hinder his health, since he had been medically discharged from the Army on December 21, 1956, because of a rheumatic heart and stomach ulcers. Stauffer was directed to report to Dr. J. J. Martinez, City Doctor, for a physical examination, but Dr. Martinez, without examining him, disqualified him from returning to the Fire Department, because he had a medical discharge from the Army showing heart disease. Stauffer was advised of this action on the part of Dr. Martinez, whereupon he contacted the Fire and Police Pension Board, hereafter called Pension Board. He was sent by the Pension Board to other doctors, who, while finding that he had Grade II Systolic Murmer in his heart, he was physically able to perform the duties of a City Fireman, and for this reason was refused a pension. Stauffer again applied to the City for reinstatement as a fireman and was again refused such reinstatement. On July 18, 1958, Stauffer instituted this suit against the City of San Antonio, the Civil Service Commission, and the Pension Board, seeking either reinstatement or a pension, and for back pay or back pension. This appeal does not involve the Pension Board or any ruling made by it.

A trial was had on March 5, 1959, before the court without the intervention of a jury, and judgment was rendered as before stated.

The City's first contention is that under the provisions of Section 9, Article 1269m, Vernon's Ann.Civ.Stats., the Chief of the Fire Department is made the sole judge as to whether or not a fireman is able to continue his duties, and therefore the Civil Service Commission has no authority to reinstate a fireman returning from a military leave of absence.

We overrule this contention. It is true that the Legislature attempted to amend Section 9 of Art. 1269m, at its regular

session in 1957, by the enactment of Chapter 391, known as House Bill 79, but there is nothing in the caption of this Act to indicate that said Section 9 was to be in any way amended. The caption sets forth the sections to be amended but does not mention Section 9, nor does the descriptive language used, in any way indicate that Section 9 is to be amended. The attempted amendment, so far as Section 9 is concerned, therefore is unconstitutional and void. Article 3, § 35, Tex. Const., Vernon's Ann.St.; State v. The Praetorians, 143 Tex. 565, 186 S.W.2d 973, 158 A.L.R. 596; Board of Water Engineers of State v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722; Shannon v. Rogers, Tex., 314 S.W.2d 810; Schlichting v. Texas State Board of Medical Examiners, Tex., 310 S.W.2d 557; Abernathy County Line Consol. Independent School Dist. v. New Deal Rural High School Dist. No. 3, Tex.Civ.App., 175 S.W.2d 446.

Appellants next contend that the trial court did not have jurisdiction to hear Stauffer's attempted appeal from the action of the Civil Service Commission, as no such appeal is provided for by the terms of Section 22a, or any other section, of Article 1269m, Vernon's Ann.Civ.Stats., known as the Firemen's and Policemen's Civil Service Act. It is under Section 22a that Stauffer claims his right to be reinstated to the Fire Department of the City of San Antonio. This section provides that when a fireman has been granted a leave of absence so as to enable him to serve for a while in the Military Forces of the United States he is entitled to be returned "to the position in the department held by him at the time the leave of absence is granted, upon the termination of his active military service, provided he receives an Honorable Discharge and remains physically and mentally fit to discharge the duties of that position; and further provided he makes application for reinstatement within ninety (90) days after his discharge." Said Section 22a expressly makes it the duty of the Civil Serv-

ice Commission to issue Military leave of absence without pay, but does not expressly make it the duty of such Commission to reinstate a fireman returning from such leave of absence. This section does make it the duty of such Commission to fill the vacancy created by the leave of absence and to remove such substitute when the absent fireman is reinstated. From a reading of Section 22a in connection with Section 16a, it is quite clear that it is the duty of the Civil Service Commission to pass upon a returning fireman, and, if he meets all the requirements set forth in Section 22a, to reinstate him to his former position. Certainly, it is not made the duty of any one else. Section 16a of the Act makes it the duty of the Civil Service Commission to administer the entire Firemen's and Policemen's Civil Service Act, now known as Art. 1269m, Vernon's Ann.Civ.Stats. Appellee concedes that the Civil Service Commission is the proper authority to reinstate a returning fireman, and he is here asking us to uphold the judgment of the trial court requiring the Civil Service Commission to reinstate him.

It is conceded here that Stauffer was honorably discharged from the army, and that he applied for reinstatement within the ninety-day period allowed by the statute. Appellants are contending that Stauffer was not physically fit to discharge the duties of a fireman at the time he applied for reinstatement. The Civil Service Commission found that Stauffer was not physically fit to discharge the duties of a fireman and rejected his application for reinstatement. Stauffer has either attempted to appeal from this decision or instituted an original suit for a mandamus to require appellants to reinstate him to his former position. The transcript is not entirely clear on this matter.

The statute having given the Civil Service Commission at least the implied power to pass upon the right of Stauffer to reinstatement in the first place, we must treat this suit as an attempted appeal from the

order of the Civil Service Commission denying reinstatement, or else Stauffer has not exhausted his administrative remedy.

The statute is silent as to any right of appeal from the order of the Civil Service Commission denying a returning fireman reinstatement, and therefore he has no right to a judicial review unless he has been denied a constitutional right. Reagan v. Bichsel, Tex.Civ.App., 284 S.W.2d 935; Fuller v. Mitchell, Tex.Civ.App., 269 S.W. 2d 517; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788. Whether or not Stauffer has been denied a constitutional right depends upon whether his right of reinstatement is a mere privilege given him by the civil service statute, or whether it is a vested property right.

The question is well settled in this State. In City of Amarillo v. Hancock, 239 S.W. 2d 788, 791, Justice Wilson, speaking for the Supreme Court, said:

"Does plaintiff have a vested property right in his captaincy in the Amarillo Fire Department?

"The answer is 'No'.

"Clearly plaintiff had no vested property right in his captaincy before the passage of the Civil Service Act in question. Art. 1269m. He could be employed, promoted, demoted, or discharged within the judgment and discretion of his department head."

Paraphrasing that language here, Stauffer had no vested property right to be reinstated as a fireman when returning from a military leave, prior to the passage of Section 22a. Therefore, the law now gives him a civil service privilege which he did not have before the passage of Sec. 22a, and he may be reinstated in his former position provided the Civil Service Commission finds him physically fit to continue to perform the duties of a fireman, but the law allows him no appeal from the finding of the Civil Service Commission as to his physical fitness.

In Fuller v. Mitchell, Tex.Civ.App., 269 S.W.2d 517, it was again held that a man does not have a constitutional right to be a policeman, and that the action of the Civil Service Commission in discharging him can be made final without the necessity of a judicial review. Where an appeal is provided for, the court passes upon whether the Civil Service Commission acted illegally, arbitrarily or capriciously only. The court should not substitute its findings for those of the Commission and put such findings into effect by means of a mandatory injunction.

In Reagan v. Bichsel, 284 S.W.2d 935, this Court held that there is no constitutional right to be a policeman. In Simpson v. City of Houston, Tex.Civ.App., 260 S. W.2d 94, the court held that where a policeman was discharged for allegedly accepting a bribe, his constitutional rights were not involved.

It is clear that none of Stauffer's constitutional rights were involved, and the Legislature has impliedly made the action of the Civil Service Commission final and provided for no judicial review. This the Legislature had a right to do, so long as only a civil service right, as distinguished from a vested property right, was involved. Ziebell v. Hall, Tex.Civ.App., 220 S.W.2d 899; Jones v. Kellogg, Tex.Civ.App., 140 S. W.2d 592; Davis v. Hubbard, Tex.Civ. App., 233 S.W. 875.

The Civil Service Commission when hearing Stauffer's application for reinstatement was not sitting as an appeal board, and was not governed by that part of Section 16, Art. 1269m, which requires it to conduct hearings after notice. It is not the duty of the courts to administer the provisions of Art. 1269m, that duty is expressly given to the Civil Service Board.

In passing upon Stauffer's application the Civil Service Commission was free to conduct the matter by any method they might choose, and unless it acted fraudulently, illegally and arbitrarily, that action is final and binding on Stauffer.

If Stauffer had any right to appeal to the courts it was to pass upon whether the Commission had acted illegally, fraudulently, capriciously, or arbitrarily. The evidence here shows that the Commission had substantial evidence before it upon which it based its decision.

If we be mistaken in holding that Sec. 9, Art. 1269m, as amended in 1957, is unconstitutional, then this amendment should be applied here, as it is procedural and can be retroactive in its effect. Art. 1, § 16, Texas Constitution; Texas Farm Bureau Cotton Ass'n v. Lennox, Tex.Civ.App., 296 S.W. 325; Parker v. Shields, Tex.Civ. App., 296 S.W. 329. Therefore, if this amendment applies there can be no doubt as to the correctness of our disposition of this case, because the amendment makes the Fire Chief the sole judge of Stauffer's physical fitness to return to the fire department, and he does not show that he has called upon the fire chief for a ruling on this matter. The writ of mandamus is not directed to the Fire Chief but to the Civil Service Commission.

The judgment is reversed and the cause dismissed for want of jurisdiction.

POPE, J., concurs in the result of the foregoing opinion of MURRAY, C. J.

BARROW, Justice (dissenting).

I do not concur in the opinion of the majority in this case for the following reasons:

First of all I do not concur in the statement that Stauffer either has attempted to appeal from a decision of the Civil Service Commission, or has instituted an original suit to require appellants to reinstate him in his original position, Stauffer's petition, appearing in the transcript, and the briefs of the parties make it very clear that he seeks an order of the court that he be reinstated in his position, on the ground that he is entitled thereto as a matter of law under the facts adduced. In the alternative, and only in the event the court should hold that the decision of the question of his physical fitness is committed to the Civil Service Commission, he alleges that its action is capricious and arbitrary and not supported by substantial evidence. He further plead in the alternative that, in the event it be determined that he is not physically fit to discharge his duties as a fireman, he be granted a disability pension under the provisions of Article 6243f, Vernon's Ann.Tex.Civ.Stats.

The only issue involved in this case is whether or not appellee, Stauffer, was at the time he applied for reinstatement physically fit to discharge the duties of his position.

Section 22a of Article 1269m, among other things not material, provides as follows:

"The Civil Service Commission on written application of a member of the fire or police department shall grant military leave of absence without pay to such member to enable him to enter military service of the United States in any of its branches, such leave of absence to continue during the period of active military service of such member. The Civil Service Commission shall grant such leave retroactively back to the commencement of the Korean War. Any such member receiving military leave of absence hereunder *shall* be entitled to be returned to the position in the department held by him at the time the leave of absence is granted, upon the termination of his active military service, provided he receives an Honorable Discharge and remains physically and mentally fit to discharge the duties of that position; and further provided he makes application for reinstatement within ninety (90) days after his discharge." (Emphasis added.)

The plain wording of the statute makes the fireman's right to reinstatement absolute if he measures up to these require-

ments, i. e., honorable discharge from the service, application within ninety days, and mental and physical fitness to perform his duties.

There is no dispute as to Stauffer's honorable discharge or his making proper application within ninety days. Nowhere in § 22a, nor in the entire Act, Article 1269m, is the authority conferred on the Civil Service Commission to hear and determine the fact issue as to the physical fitness of the fireman. Nor can such authority be implied from the provision that the Civil Service Commission shall grant him a leave of absence to go into military service.

The majority opinion relies, at least in part, on a portion of one sentence taken from Section 16a of the Act to confer exclusive authority to pass upon the fireman's physical fitness, and says that section makes it the duty of the Civil Service Commission to administer the Act. Many of the sections of the Act confer authority on the Civil Service Commission in the administration thereof, for instance, it shall make provisions for civil service examinations, it shall make rules and regulations governing promotions; it shall formulate procedure for efficiency reports, etc. In only two instances does the Act authorize the Commission to act as an administrative tribunal and hear and render quasi judicial decisions. They are found in Section 16, where a policeman or fireman is suspended or discharged, and in Section 19, where a fireman or policeman is to be demoted in rank. In each instance the procedure to be followed by the Commission is spelled out by the statute.

Section 16a, Art. 1269m, Vernon's Ann. Civ.Stats., reads as follows:

"It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants. * * *."

In my opinion, the clear language of the section, when construed together with the other sections of the Act, places a limitation or restriction upon rather than an enlargement of the authority of the Commission. The statement adopted by the majority opinion simply makes it the duty of the Commission to follow the law and keep in mind the declared purpose of the law, among other things, the right of firemen and policemen to permanent tenure of employment unless such tenure is terminated according to the law.

In addition to Section 16a, supra, the majority relies on the language of Section 22a, and reach the conclusion that because the Civil Service Commission is required to grant the leave of absence it has the authority to determine the fact issue of the physical fitness of the fireman upon his return from military service.

It is well settled that an administrative agency has only such powers as are expressly conferred on it by statute, together with those necessarily implied from powers and duties given or imposed. Corzelius v. Railroad Comm., Tex.Civ.App., 182 S. W.2d 412; Railroad Comm. v. Fort Worth & D. C. R. Co., Tex.Civ.App., 161 S.W.2d 560; State v. Sugarland R. Co., Tex.Civ. App., 163 S.W. 1047; Gulf, C. & S. F. R. Co. v. State, 56 Tex.Civ.App. 353, 120 S. W. 1028. It is my opinion that jurisdiction is lodged in the district court to determine this fact issue and apply the judicial consequences thereof. Article 5, Sec. 8, State Constitution.

In Section 22a, Art. 1269m, the mandatory word "shall" is used six different times in connection with the fireman's right to leave of absence, reinstatement, rank, seniority, etc., and not one time is any permissive expression used. And, particularly, that statute does not say that the fireman shall be reinstated if the Civil Service Commission finds or determines that he is physically fit, nor does it use any other

expression from which it might be presumed, assumed or implied that the Civil Service Commission should hear and decide the question, but the statute in plain language makes it mandatory that he shall be returned to his former position *if he is* in physical condition to discharge the duties of that position. In my opinion, the determination of that question of fact not having been lodged by law in some other court or tribunal, the district court, and that court alone, has jurisdiction to hear the case and determine the facts, Article 5, § 8, Constitution of Texas, and it is the mandatory duty of the City to return appellee, Stauffer, to his former position.

The majority opinion holds that inasmuch as the statute is silent as to a right of an appeal from the order of the Civil Service Commission denying reinstatement to a returning fireman, he has no right to a judicial review, unless he has been denied a constitutional right. Citing City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788; Fuller v. Mitchell, Tex.Civ.App., 269 S.W.2d 517; Reagan v. Bichsel, Tex.Civ. App., 284 S.W.2d 935; Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94. I would agree with that holding if the Civil Service Commission has authority under the Act to make the order. Moreover, I am in accord with the holding in each of these cases. In each the fireman or policeman involved was demoted or discharged in strict conformity with the procedure prescribed by the statute.

In the Hancock case the fireman was demoted under the provisions of Sec. 19, Art. 1269m. That section does not provide for an appeal to the district court. Hancock sought to maintain jurisdiction under the due process clause of the Constitution. Judge Wilson, speaking for the Supreme Court, held that due process was not involved, because Hancock had no vested property right in a captaincy in the fire department. The other statement from that opinion, quoted by the majority, simply means that before the passage of Article 1269m, he could "be employed, promoted, demoted, or discharged within the judgment and discretion of his department head," but does not mean that such could be done after passage of the Act unless it is complied with.

In each of the other cases cited supra, a policeman was discharged for violation of enacted rules and under the procedure expressly required by the statute. In each case the policeman contended that his constitutional rights were involved. It was pointed out in each case that the rules of procedure were strictly followed.

In the Reagan case a policeman was discharged for making political speeches in which he engendered racial feelings. His discharge was effected under the procedure outlined in Art. 1269m. He sought to defend on the ground that his constitutional right of free speech was violated. In my opinion, what Justice Pope meant by the quoted statement is, that while Reagan had a personal right of free speech, he could not exercise that right contrary to the rules and still be a policeman. The Constitution does not extend that far.

Apparently it is from these authorities that the conclusion is reached that Stauffer's right to be a fireman is a "mere privilege." From that conclusion it may be inferred that the privilege might be given or withheld at will.

I make no contention that a property right is involved here, neither do I contend that the right to be a fireman is a property right, but I do most seriously maintain that it is a legal right. The Civil Service rights of policemen and firemen have been consistently upheld in direct suits brought for that purpose. City of San Antonio v. Handley, Tex.Civ.App., 308 S.W.2d 608; City of Wichita Falls v. Cox, Tex.Civ. App., 300 S.W.2d 317; City of San Antonio v. Castillo, Tex.Civ.App., 293 S.W.2d 691; City of San Antonio v. Hahn, Tex. Civ.App., 274 S.W.2d 162; City of San Antonio v. Wiley, Tex.Civ.App., 252 S.W. 2d 471.

I am in agreement with the holding of the majority that Section 9, Article 1269m, as amended in 1957, insofar as it attempts to make the Chief of the Fire Department the sole judge of a fireman's physical fitness, is unconstitutional for the reason stated in the opinion, but I do not agree that the provision has any application to this case, even if it be valid.

There is nothing in the amendment indicating a legislative intent that it should operate retrospectively. The Supreme Court has laid down the rule in Government Personnel Mut. Life Ins. Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525, that a statute is always held to operate prospectively only, unless a contrary construction is evidently required by plain and unequivocal language in the statute, and it will not ordinarily be inferred. If there is any doubt about the intention to have the statute operate retrospectively, the intention will be resolved against the retrospective operation of the statute. The same rule is stated by the Supreme Court in State v. Humble Oil and Refining Co., 141 Tex. 40, 169 S.W.2d 707. Moreover, it is my opinion that the statute could not have a retrospective effect upon the rights of Stauffer in this case, because he made his application for reinstatement long prior to the passage of the amendment, to say nothing of the effective date thereof. When he filed his application his right to reinstatement became absolute, if he was then in physical condition to perform his duties. It is well settled that an amended statute should not be construed so as to deprive one party of a right of action, or the other of a defense that existed prior to the amendment. Wichita Falls & S. R. Co. v. Lindley, Tex.Civ.App., 143 S.W.2d 428; Shwab v. Doyle, 258 U.S. 529, 42 S. Ct. 391, 66 L.Ed. 747. See also, Texas Farm Bureau Cotton Ass'n v. Lennox, Tex. Civ.App., 296 S.W. 325.

I come now to the final holding of the majority opinion, in which it is said that if Stauffer had any right of an appeal to the court, then, "The evidence here shows that the Commission had substantial evidence before it upon which it based its decision." I cannot agree with that holding for several reasons. In the first place, the substantial evidence rule is only applicable in cases where the decision is lodged in the first instance in an administrative agency, and from which an appeal lies to the court. In accordance with what I have heretofore said, it is my view that this case presents a simple issue of fact between the parties. The law not having lodged any authority in the Civil Service Commission to hear, try and determine that issue, a court of general jurisdiction is the proper forum. The judgment of the trial court is amply supported by the evidence and should be affirmed.

I respectfully dissent.