# THE STATE OF TEXAS V. THE PRAETORIANS.

No. A-451. Decided April 11, 1945.
Rehearing overruled May 9, 1945.
(186 S. W., 2d Series, 973.)

*Grover Sellers*, Attorney General, *Ocie Speer*, *Robert O. Koch*, *L. P. Lollar*, Assistants Attorney General, and *W. H. Farmer*, for Texas Unemployment Compensation, petitioners.

On the question of the constitutionality of the act. Raymond v. Kibbe, 95 S. W. 727; Collins v. Pierce, 244 S. W. 195; Eppstein v. State, 105 Texas 35, 143 S. W. 144.

*J. W. Randall* and *Mack L. Vickery*, both of Dallas, for respondent.

As to whether under the caption of the act it may add additional terms or confine them to a specific section of the act. Ward Cattle & Pasture Co. v. Carpenter, 109 Texas 103, 200 S. W. 521; Doeppenschmidt v. International & G. N. Ry. Co., 100 Texas 532, 101 S. W. 1080; Adams v. San Angelo Water Works Co., 86 Texas 485, 25 S. W. 605.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This suit was instituted by the State of Texas to recover taxes and penalties claimed to be due by respondent, The Praetorians, under the unemployment compensation law of Texas on account of commissions paid by The Praetorians to its insurance solicitors and agents between April, 1939, and October, 1941. In the trial court judgment was rendered in favor of the State for $11,083.16. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment that the State take nothing, the ground of its holding being that the caption to the amendment of the Act under which liability for the tax was asserted was defective and the tax was therefore not validly imposed by such amendment. 184 S. W. (2d) 299.

The unemployment compensation law has been the subject of much change by amendment since it was originally enacted. It is not thought that a detailed history of the many amendments need be set down in this opinion, for a brief sketch thereof will reveal how the questions before us for decision arose. This law was first enacted in 1936 at the Third Called Session of the 44th Legislature, being Senate Bill No. 5, ch. 482. It was divided into 25 sections and many subsections, some of which in turn were subdivided. The Act had many subheads and generally there was but one section under each subhead. The subhead under which Section 19 appeared was "Definitions." It was provided in Section 19(g) (9) that:

"In determining employees under this Act and in determining employers under this Act, and in determining wages under this Act, neither term shall include employment of or service by agents of insurance companies who collect their compensation on a commission basis."

The law was amended in 1937 by the 45th Legislature at its regular session, ch. 67, but no change was made in the provision just quoted. In 1939 it was again the subject of many amendments, and one respect in which it was amended was by omitting altogether the provision quoted above regarding insurance agents. That amendment became effective on March 14, 1939. In 1941, the 47th Legislature at its regular session by H. B. No. 86, ch. 625, enacted many more amendments. One of such amendments to Sec. 19 had the effect of restoring the original provision regarding insurance agents and solicitors.

This suit is for the recovery of taxes and penalties claimed to be due by respondent based upon the commission paid by it to its solicitors and agents during the period between the ef-

fective dates of the 1939 and 1941 amendments. It is obvious that, if the amendment of 1939 which omitted the provision with reference to insurance agents and solicitors was invalid as to the respondent, then the exemption provision theretofore existing remained effective and has never been repealed. The Court of Civil Appeals held that, in so far as such amendment applied to respondent it was invalid under Art. 3, Section 35, of the Constitution of Texas, which reads in part as follows:

"Sec. 35. No bill, * * * shall contain more than one subject, which shall be expressed in its title. * * *."

We are not in accord with the views of that court, but on the contrary, are of the opinion that the caption meets the requirements of the constitutional provision just quoted. We here quote the entire caption of the amendment of 1939, supplying the italics:

"*An Act to amend the subject matter embraced in* Section 3, Section 4, Section 7, Section 13, and *Section 19* of Chapter 482, Acts of the Forty-fourth Legislature, Third Called Session, as amended by Section 1, Section 2, Section 3, Section 5, and Section 7, respectively, of Chapter 67, Acts of the Forty-fifth Legislature, Regular Session, and Section 5, Section 6, Section 8, Section 9, Section 14, and Section 16 of Chapter 482, Acts of the Forty-fourth Legislature, Third Called Session; imposing a tax on employers of eight or more persons; providing for benefits; fixing benefit eligibility conditions and certain disqualifications for benefits; providing a merit rating for determining the amount of contributions by employers; fixing the duration of coverage; making provisions with reference to the administration of the Unemployment Compensation Fund; and with reference to the administration of the Unemployment Compensation Administration Fund; providing additional means for the enforcement of the collection of contributions; providing for the making of audits by the Commission, and filing of reports by employers; and providing that such reports or audits when made, constitute prima facie evidence of liability for taxes hereby imposed; providing for the granting of injunctions and appointing of receivers as aids in the collection of the tax hereby imposed; adding certain penalty provisions; *defining certain additional terms;* adding new sections to be known as Section 19-A and Section 19-B, which provide for the effective date of this Act and for the repeal of all laws and parts of laws in conflict herewith; and declaring an emergency."

1 Since this Court has lately written on the question of the sufficiency of the caption in Gulf Insurance Co. et al v. James,

143 Texas 424, 185 S.. W. (2d) 966, we shall here discuss the question but briefly. In the cited case both the majority and the minority opinions reaffirmed the settled law that Section 35 of Article III of the Constitution should be given a liberal construction. Both opinions also reaffirmed the rule that, if the caption is deceptive or misleading, it falls within the condemnation of the constitutional provision. The parties hereto agree that both of those rules are well established and should be applied in deciding the question under review. We shall not therefore cite any further authorities in support thereof. But the parties are in sharp disagreement in the application of those rules to the caption before us.

Respondent would emininate from the caption all verbiage except that which it conceives to be applicable alone to Section 19 and have the caption construed as if it read this way:

"An Act to amend the subject matter embraced in * * * Sec. 19 (by) defining certain additional terms."

■ If the caption should properly be limited to that narrow scope, there would probably be no ground to question the soundness of respondent's position. A caption like that would have been deceptive if, instead of defining additional terms, the Act had omitted terms, as in this case, because of which a liability for taxes was sought to be imposed. But we cannot agree that the context of the caption is subject to that construction. Clearly, it seems to us, such construction is not required, but is arrived at by a strictness of reasoning not permissible in passing upon the constitutional provision under review. While Section 19 does fall under the heading "Definitions," so likewise does Section 20, and some definitions are found in other sections of the Act. As pointed out by petitioner, definitions were actually added to other sections by the particular amendment of 1939 now under review. We are unable to find in the Act a warrant for lifting the words "defining certain additional terms" from their setting and attaching them onto Section 19 alone by supplying the connecting word "by." Rather we think that the caption contains notice that "the subject matter embraced in" Section 19 was to be amended, and that "certain additional terms" were to be defined in the Act, but not necessarily in Section 19. We sustain petitioner's point which challenges the holding of the Court of Civil Appeals on this question.

■ It does not follow that we should reverse the judgment of the Court of Civil Appeals. It is our duty to look to the brief

filed by respondent in that court to determine whether its judgment may be affirmed upon another ground properly presented there. As pointed out in the opinion of that court, three other grounds for reversal of the trial court's judgment were relied upon therein. We consider the first of such grounds.

■■ Respondent is a fraternal benefit association without capital stock, operated under a lodge system of government, for the sole benefit of its members as beneficiaries and not for profit in accordance with Title 78, ch. 8. R. S. 1925, as amended. Such associations are dealt with in a separate chapter of the statutes, and are regulated by laws applicable to them alone. They are regarded by the Legislature as being different from ordinary insurance companies and all other organizations. Railway Mail Mut. Ben. Ass'n. v. Henry, 143 Texas 89, 182 S. W. (2d) 798. Since 1913 they have been exempt by an express special statute from every form of taxation except taxes on their real estate and office equipment when same are used for other than lodge purposes. Art. 4858, R. S. 1925, and the Supplement thereto of 1937, being Vernon's Civil Statutes, Art. 4858a. The contributions required under the unemployment compensation law and which are sought to be recovered in this suit are in the nature of excise taxes. They are state taxes other than ad valorem taxes. Friedman v. American Surety Co., 137 Texas 149, 151 S. W. (2d) 570; State v. Mauritz-Wells Co., 141 Texas 634, 175 S. W. (2d) 238; Barrett v. State, 138 S. W. (2d) 1114; Lally v. State, 138 S. W. (2d) 1111. As a taxing statute the Act is construed strictly against the State. Texas Unemployment Compensation Commission v. Bass, 137 Texas 1, 151 S. W. (2d) 567; State v. Kenyon, Inc., 153 S. W. (2d) 195, (error refused).

■■ By the terms of the unemployment compensation law it is made applicable "to any individual or type of organization." This language, on its face, would include fraternal benefit societies, but by the application of well settled principles of statutory construction the conclusion follows that this law, being a general statute, did not operate to repeal the special law above referred to exempting fraternal benefit societies from excise taxes. The special law will be regarded as an exception to the general law. Townsend v. Terrell, 118 Texas 463, 16 S. W. (2d) 1063; 39 Tex. Jur. 149, sec. 81. But this conclusion is more certainly arrived at from a consideration of that law in the light of Art. 4823, R. S. 1925. That article, referring alone to such societies, provides, in part, as follows:

"* * * No law hereafter enacted shall apply to them, unless they be expressly designated therein."

The unemployment compensation law does not expressly designate fraternal benefit societies as falling within its provisions; they are not even mentioned therein. It cannot therefore be concluded that the Legislature intended to make the unemployment compensation law applicable to them.

■ There remains for decision the question of whether respondent has brought itself within the Act by its own election. The Act in Section 8(b) (1) reads as follows:

"An employment unit, not otherwise subject to this Act, which files with the Commission its written election to become an employer subject hereto for not less than two (2) calendar years, shall, with the written approval of such election by the Commission, become an employer subject hereto to the same extent as all other employers, as of the date stated in such approval."

Respondent has paid taxes based on its regular salaried employees during all relevant times, but there is no showing that it filed with the Commission its written election to become an employer subject to the Act or that the Commission gave its written approval thereto. An election implies a choice between two existent rights evidenced by an overt act. An act done in ignorance or through mistake does not constitute an election. Daken v. Daken, 125 Texas 305, 83 S. W. (2d) 620; Madden v. Louisville N. O. & T. Ry. Co., 66 Miss. 258, 6 Southern 181; Moran v. Union Bank of Chicago, 352 Ill. 503, 186 N. E. 182.

In this case the trial court, based upon a stipulation by the parties, found that the respondent reported the wages paid its regular salaries employees and voluntarily paid the taxes thereon "under the belief that it was an employer" subject to the Act. That finding negatives a conclusion that an election was made by respondent within the terms of the Act.

Not only does the record fail to show an election on the part of respondent, but it also fails to show an approval thereof by the Commission as required by the quoted statute. Both showings are prerequisites to a valid election. The Commission can act only as a body at a stated meeting. Webster v. Texas & Pacific Motor Transport Co., 140 Texas 131, 166 S. W. (2d) 75. There is no showing either that the Commission was ever presented with any application by respondent or that it ever acted thereon. The claim that respondent elected to bring itself within the provisions of this law is denied.

The judgment of the Court of Civil Appeals reversing the trial court's judgment and rendering judgment for respondent, is affirmed.

Opinion adopted by the Supreme Court April 11, 1945.

Rehearing overruled May 9, 1945.