

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 10, 1949

Hon. Hall H. Logan    Opinion No. V-929
Board of Control
Austin, Texas        Re: Interpretation of H. B. 370
                       giving the Board of Control
                       authority over the tenure of
                       superintendents of two State
                       Schools in relation to H. B.
                       1, which transfers these
                       schools to a new institution-
                       al Board.

Dear Sir:

        You have requested a clarification of the con-
flict between House Bill 1, Acts 51st Leg., R.S., 1949,
ch. 316, p. 588 and House Bill 370, Acts 51st Leg., R.S.,
1949, ch. 493, p. 914, both bills relating to Special
Schools of the State.

        House Bill 1 transfers the control and manage-
ment of the Texas State Hospitals and Special Schools,
naming such schools and hospitals, to a new institutional
Board. The Legislature subsequently enacted House Bill
370 which gives the Board of Control authority to enter
into contracts of employment with the superintendents of
the Texas School for the Deaf and the Texas School for
the Blind. The provisions of House Bill 1 are general
in the vesting of control of the State's Special Schools
in the new Board. In House Bill 370, however, the Leg-
islature has expressed itself specifically, singling out
two of the institutions as subjects of legislation, and
dealing specifically with the appointment and tenure of
their superintendents.

        In this regard the caption of H. B. 370 pro-
vides in part:

        "An Act defining the qualifications of
the Superintendents of the Texas School for
the Blind and the Texas School for the Deaf;
. . . making said Superintendents employees
of the State Board of Control;. . ."

Section 4, 5 and 6 of the Act provides:

"Sec. 4. Good cause, . . . means the commission of any felony or any other offense involving moral turpitude or of the failure or refusal of such superintendent to carry out the duties prescribed by the Legislature or by the State Board of Control.

"Sec. 5. On or after September 1, 1949, the State Board of Control is authorized to enter into contract with any person having the qualifications hereinbefore provided, as the employee of the State Board of Control, to act as Superintendent of the Texas School for the Blind or the Texas School for the Deaf until such person is removed for good cause as that term is defined in the preceding Section.

"Sec. 6. The fact that the present laws do not fully define the qualifications of said Superintendents and the further fact that good cause is not denied for removal of such Superintendents, and that such Superintendents are now declared to be state officers and not employees of the State Board of Control, create an emergency . . ."

On the effect of a specific act on a prior general act, one authority states:

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore it will control. In such a case both statutes are permitted to stand- the general one applicable to all cases except the particular one embraced in the specific statutes." Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929).

This principle has found application in many Texas cases. State v. The Praetorians, 143 Tex. 565,

186 S.W.2d 973 (1945); Scoby v. Sweatt, 28 Tex. 713 (1866); Flowers v. Pecos River Ry. Co., 138 Tex. 18, 156 S.W.2d 260 (1941); Fortinberry v. State, 283 S.W. 146 (Tex. Com. App. 1926); City of Marshall v. State Bank of Marshall, 127 S.W. 1083 (Tex. Civ. App. 1910, error ref.); De Shong Motor Freight Line Inc., v. Whisand, 98 S.W.2d 389 (Tex. Civ. App. 1936). Under these authorities, House Bill 370 as a specific enactment will be treated as controlling over the general provisions of House Bill 1.

In addition to the above, House Bill 370 must be given effect since it was passed after the Legislature had passed House Bill 1. The great majority of the courts hold that the last statute or section in point of time will prevail as the last expression of the legislative will. 59 C.J. 999, Statutes, Sec. 596. The Texas Courts have adopted this principle. Fortinberry v. State, supra, Townsend v. Terrell, supra, Martin v. Sheppard, 129 Tex. 110, 102 S.W.2d 1036 (1937); 39 Tex. Jur. 139, Statutes, Sec. 74. Therefore, being later in point of time, the provisions of House Bill 370 control those of the earlier enactment, House Bill 1.

Your letter states that the reference in H. B. 370 to the Board of Control, instead of the new Board, was an inadvertent act. That may well be true. But the language of H. B. 370 is clear and unambiguous in its reference to "the Board of Control." The "Board of Control" is specifically named in the caption, in the body of the Act in several places, and in the emergency clause. Faced with those facts, it cannot be said that the Legislature intended to say "The Board for Texas State Hospitals and Special Schools" and not "the Board of Control."

## SUMMARY

House Bill 370, Acts 51st Leg., R.S. 1949 ch. 493, p. 914, naming the Board of Control as the appointing authority and two specific supertindents of State Schools is plain, unambiguous, and specific. For these reasons and because it is later in point of time of enactment, it controls over the general provisions

Hon. Hall H. Logan, page 4 (V-929)


of House Bill 1, Acts 51st Leg., R. S. 1949,
ch. 316, p. 588, passed earlier in the ses-
sion.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Thomas E. Taulbee
Thomas E. Taulbee
Assistant

TET:gl

APPROVED:

Joe R. Greenhill

FIRST ASSISTANT ATTORNEY GENERAL