

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 28, 1966

Honorable Jesse James                Opinion No. C-590
Treasurer
Treasury Department             Re:  Whether Article 10.04
Austin, Texas                        of the Texas Insurance
                                     Code exempts Fraternal
                                     Benefit Societies from
                                     the statutes of this
                                     State which require that
                                     property subject to escheat
                                     be reported to the
                                     Treasury Department and
Dear Mr. James:                      related questions.

        You have requested an opinion of this office on the
following questions:

        "1.  Whether Article 10.04 of the Texas
    Insurance Code exempts Fraternal Benefit Societies
    from the statutes of this State which require that
    property subject to escheat be reported to this
    office?

        "2.  Whether Article 12.12 of the Texas
    Insurance Code exempts Burial Associations and
    Local Mutual Aid Associations from the statutes
    of this State which require that property subject
    to escheat be reported to this office?

        "3   Whether Article 13.09 of the Texas
    Insurance Code exempts Statewide Local Mutual
    Assessment Companies from the statutes of this
    State which require that property subject to
    escheat be reported to this office?

        "4.  In the event that any or all of such
    organizations are not exempt, should their reports
    of property subject to escheat be filed pursuant
    to Article 3272a, Vernon's Civil Statutes or
    Article 4.08, Texas Insurance Code?"

-2843-

Articles 10.04, 12.12 and 13.09 provide as follows:

"Art. 10.04    Exemptions

"Except as herein provided, such societies
/Fraternal Benefit Societies/ shall be governed
by this chapter and shall be exempt from all
provisions of the insurance laws of this State,
not only in governmental relations with the State,
but for every other purpose.  No law hereafter
enacted shall apply to them, unless they be
expressly designated therein.  Acts 1951, 52nd
Leg., Ch. 491."

"Art. 12.12.  Corporate Existence.  /Burial
Associations and Local Mutual Aid Associations/

"Any association organized under the provisions
hereof or which has accepted the provisions hereof
shall for the purpose of operation be and become
a body corporate with authority to sue and be sued
in its own name and to exercise the other powers
and functions specifically herein granted, but not
otherwise.  Except as herein provided, such association
shall be governed by this chapter and Chapter 14
of this code and shall be exempted from all other
provisions of the insurance laws of this State.  No
law hereafter enacted shall apply to them unless
they be expressly designated therein.  Acts 1951,
52nd Leg., Ch. 491."

"Art. 13.09.  Exceptions and Exemptions

"This chapter shall in no way affect or apply
to companies operating as local mutual aids, as
fraternal benefit societies, reciprocal exchanges,
or to foreign assessment companies operating under
any other law in this State, or any other form of
insurance other than those corporations carrying
on in this State in the statewide business of mutually
protecting or insuring the lives of their members
by assessments made upon their members.  Except
as expressly provided in this chapter and in
Chapter 14 of this code, no insurance law of this
State shall apply to any corporation operating under
this chapter, /Mutual Assessment Companies/, and

no law hereafter enacted shall apply to them
unless they be expressly designated therein.
Acts 1951, 52nd Leg., Ch. 491."

It is well established that other chapters of the
Insurance Code do not apply to Chapters 10, 12, and 13.
Modern Woodmen of America v. Atcheson, 219 S.W. 537 (Tex.
Civ.App. 1920, error dism.); Sovereign Camp, W. O. W. v.
Newberry, 87 S.W.2d 839 (Tex.Civ.App. 1935, error dism.);
Carrizales v. W. O. W. Life Insurance Society, 140 Tex.
259, 167 S.W.2d 509 (1943). Even though Article 4.08
is applicable by its terms to all Life Insurance Companies,
it is not applicable to the above groups since they are
not specificallynamed in the Article. Brotherhood of
Railroad Trainmen v. Wood, 79 S.W.2d 665 (Tex.Civ.App.
1935, error dism.); Railway Mail Mutual Ben. Association
v. Henry, 143 Tex. 89, 182 S.W.2d 798 (1944); Sovereign
Camp, Woodmen of the World v. Nigh, 223 S.W. 291 (Tex.
Civ.App. 1920, no writ hist.) Consequently, fraternal
benefit societies, burial associations, local mutual
aid associations and mutual assessment companies are not
required to report property subject to escheat pursuant
to Article 4.08, Texas Insurance Code, which is applicable
to life insurance companies.

The remaining question is whether they are required
to report property subject to escheat pursuant to Article
3272a, Vernon's Civil Statutes. In our opinion this is
an all-inclusive general law of the state, intended by
the Legislature to be of universal application, even
though such Article does not expressly designate the organiza-
tions above named.

It will be noted that the provisions of each of the
statutes quoted above are basically the same. First, they
declare that the respective chapters shall govern the
particular type of organization and that, except as provided
in such chapters, no other insurance law shall apply to
them. Then, each of these Articles declares: "No other
law hereafter enacted shall apply to them unless they be
expressly designated therein." In our opinion, the last,
as well as the first, provision relates to insurance
rather than to general laws.

Our conclusion is that the Legislature did not intend to attempt to bind all future legislatures, in the enactment of general laws, to name each of these types of organizations in order to bind or benefit them by such general laws. The intent to relate general laws to all persons and corporations, including these organizations, is evidenced by many laws enacted after the above quoted statutes were passed. While insurance laws are codified, it does not follow that general laws are irrelevant or inapplicable to any particular class of insurance organization. Not all of the rights and powers of any insurance organization are contained in the Texas Insurance Code. Neither are all of their duties and responsibilities.

In McCoy Undertaking Company v. American Casualty and Life Company, 248 S.W.2d 311, 313 (Tex.Civ.App. 1952) the Court had this to say about Article 4859f, V.C.S. (the predecessor of Article 13.09 quoted above):

"... This provision prevents other general or special insurance laws from applying to mutual companies, such as the one in question, unless such general or special laws pertaining to insurance expressly designate they are to so apply." (Empahsis added)

On the other hand, concerning the same provision as it relates to general law, the Supreme Court of Texas, in Hassell v. Commonwealth Casualty Insurance Co., 143 Tex. 353, 184 S.W.2d 917, 919 (1944) observed:

"The provisions of the foregoing section do not exempt mutual companies from the law of respondeat superior, or from any of the principles of general law. The provisions referring to 'insurance law' do not have the effect to place the subject companies beyond the pale of the general law of agency. Calhoun et al. v. The Maccabees, Tex.Com.App., 241 S.W. 101."

Consider, for instance, whether a subsequently enacted statute regulating the rights and relationships of a bank and its depositor must specifically declare that it also applies to fraternal benefit societies, burial associations,

mutual aid associations and local mutual assessment companies
in order to bind (or benefit) them. Likewise, we might
ask whether a statute amending the law of deeds or negotiable
instruments must refer to these organizations in order to
govern their transactions, or whether amendments to
procedures established for the condemnation of property
for public purposes must specify these organizations
in order to establish valid condemnation procedures with
respect to their property. We could mention other statutes
which would affect interest rates, limitations of actions,
public health, and an endless variety of subjects of general
law.

Our point is well illustrated by expressions from
subsequent legislatures in the provision for the invest-
ment of surplus funds by these very organizations. Article
10.17 of the Insurance Code authorizes fraternal benefit
societies, and Article 14.26 authorizes mutual assessment
companies, to invest surplus funds in the same securities
as are authorized for life insurance companies. From
time to time new statutes are enacted and existing statutes
are amended to make certain securities lawful invest-
ments of insurance companies. None of the statutes
specially designate or in any manner refer to fraternal
benefit societies, local mutual aid associations or
mutual assessment companies. For instance, Section 7(b)
of Article 6795b-1, enacted in 1949, declares that all
bonds issued under this law "are hereby declared to be
legal and authorized investments for . . . insurance
companies. . . ". Fraternal benefit societies, local
mutual aid societies and mutual assessment companies
are not mentioned. Article 842a, enacted in 1933, declares
securities issued by Federal agencies to be lawful invest-
ments of "all insurance companies of every kind and
character."

Article 1269k-1, enacted in 1939, reads in part
as follows:

"Notwithstanding any restrictions on
investments contained in any laws of this
State . . . all insurance companies, insurance
associations and other persons carrying on an
insurance business. . . may legally invest . . .
in . . . obligations issued by a housing
authority. . . ."

Similar provisions are found in Section 9 of Article 1187a V.C.S. enacted in 1933. Without further elaboration we will say that there are some twenty similar statutes which we have found with respect to securities issued by Federal and State agencies and various types of municipal corporations, water districts and the like.

If the clause under consideration were to be construed to render subsequently enacted general laws inapplicable to fraternal benefit societies and the like, then none of the organizations in question could appropriate to themselves the benefits and rights of the subsequently enacted general laws. Such a result, we believe, would defeat the legislative intent. All of these statutes deal with the same subject (lawful investments) as that covered by Articles 10.17 and 14.26 mentioned above. In determining the meaning of the "no law hereafter enacted" clause in Articles 10.04, 12.12 and 13.09, all of these statutes should be considered in pari materia. Winterman v. McDonald, 129 Tex. 275, 102 S.W.2d 167; 53 Tex.Jur. 2d 280, "Statutes" Sec. 186.

The case of State v. The Praetorians, 143 Tex. 565, 186 S.W.2d 973 (1945) does not control the question presented here and is clearly distinguishable from that question. A careful reading of that case reveals that the Court did not in any way modify what it had previously declared one year earlier in Hassell v. Commonwealth Casualty Insurance Company, quoted above. The Praetorians case is cited in 82 C.J.S. 516, Statutes, Sec. 298c, under the subhead, "Taxation," Footnote 36 in support of the following proposition:

> "A special or local act on the subject of taxation is not repealed by a general tax law unless the intent to repeal is clearly apparent."

The Supreme Court had before it there a special law (Art. 4858a, V.C.S.) exempting fraternal benefit societies from every form of taxation except taxes on real estate and office equipment when used for other than lodge purposes. The court characterized the Unemployment Compensation Act, including its tax imposition, as a "general law" and its tax as in the nature of an "excise tax". It then held

that such general law did not operate to amend or repeal the special act expressly exempting fraternal benefit societies from excise taxes.

The question here presented is materially different. There is no special act on the subject of escheat for the insurance organizations under consideration. No special or general law purports to grant them exemption from escheat. Therefore, there is no law calling for a construction as to whether it was repealed by the general law governing escheats in Texas, Article 3272a, V.C.S of Texas. Chapters 10, 12, and 13 of the Insurance Code are completely silent on all matters to which the escheat law pertains. The only law passed by the Legislature governing the subject of escheat insofar as these organizations are concerned is the general law. It thus appears that the Legislature intended the general law to apply to them.

The Court in The Praetorians case, supra, was dealing with two different statutes involving the subject of taxation. It found that the special law was not repealed by the general law because of the special law's concluding provision: ". . . No law hereafter enacted shall apply to them unless they be expressly designated therein." This sentence was thus construed in its proper context to mean no other law dealing with the same subject of taxes as applied to the organizations concerned. It is important, therefore, to discern that the Supreme Court was neither holding nor implying that the above quoted provision in the special insurance act exempts those organizations from the general laws of the state thereafter enacted, but merely referred to such provision as being applicable to the particular subject matter before the Court.

Opinion No. O-4668 (1942) issued by this office is not to be confused with the questions presented by your letter. In that opinion we held that since Article 577, Vernon's Annotated Penal Code did not specifically designate fraternal benefit societies, it did not apply to them or to their officers. As that opinion carefully points out, this penal statute was a part of a comprehensive bill providing for the incorporation and regulation of life, health and accident insurance companies. It was clearly an insurance law in its application.

It is clear that subsequently enacted insurance laws must specifically refer to fraternal benefit societies and the other organizations named above in order to apply to them.  It is altogether fitting that the Legislature should intend for the respective chapters dealing with these forms of insurance to be the exclusive repositories of the insurance law applicable to them.  But it would not be reasonable or logical to assume that the Legislature intended such organizations to be immune to the general laws.

The escheat statute, in Section 1 of Article 3272a, Vernon's Civil Statutes, is expressly made applicable to all persons, corporations, and other entities, which would encompass the insurance associations or companies with which we are concerned.  Its coverage as to personal property is likewise broadly described so as to comprehend the type of property interest involved in such entities which would be subject to escheat.  No special escheat law exempting such insurance companies or associations exists in this state, and no law exists purporting to exempt such concerns from the operation of the general laws of this state.  Under well settled canons of construction, exemptions are not favored and will be strictly construed in favor of the state and against the person or entity claiming the exemption.

Since Article 3272a has a uniform application upon all persons and entities having in their possession property subject to escheat (see Section 1), it must be characterized as a general law.  50 Am.Jur. p. 17, Sec. 6 "Statutes"; 82 C.J.S. 277, Sec. 163 and cases there cited.  Furthermore, the coverage of personal property is likewise broadly described in the statute and would cover the property interests of members of the organizations here involved.  The purpose of such an escheat statute is to provide for the right of the state to such property interests where there is no one in existence able to make claim thereto.  Escheat is an incident or attribute of sovereignty, based upon the principle of ultimate ownership by the state of all property within its jurisdiction.  22 Tex.Jur.2d 616 Escheat, Sect. 1; 30A C.J.S. 915, Escheat, Sect. 1.

The Constitution of Coahuila and Texas, 1827; The Constitution of The Republic of Texas, 1836; and all subsequent constitutions, except those of the reconstruction period, have declared that escheats shall accrue to the state. Article 3272 and Article 3272a of Vernon's Civil Statutes were enacted in furtherance of the power which is expressed in our Constitution and which is inherent in the sovereignty of the state.

Articles 10.04, 12.12 and 13.09 of the Texas Insurance Code pertain to fraternal benefit societies and other special types of insurance associations which are but creatures of the sovereign with such rights and powers as are bestowed by the Legislature. Certainly, these provisions were not intended to be so construed as to disparage or impair the rights of the state under the provisions of our Constitution and statutes relating to escheat.

It is well settled that a court will never adopt a construction that will make a statute absurd or ridiculous or one that will lead to absurd conclusions or consequences, if the language of the enactment is susceptible of any other meaning. 53 Tex.Jur.2d 243, Statutes, Section 165. To construe the insurance statutes here involved as requiring the legislature to name such organizations in each general law thereafter passed in order that such law shall apply to them is an unreasonable construction that would lead to absurd consequences, as hereinabove illustrated. Construing the sentence in Articles 10.04, 12.12 and 13.09 of the Insurance Code, "no law hereinafter enacted shall apply to them, unless they be expressly designated therein," in context with the other related provisions in the articles and other statutes, we think the intent of the Legislature was to refer only to laws dealing with the subject of insurance enacted thereafter and not to refer to all general laws on all other subjects, such as escheat.

It is our opinion that the exemptions contained in Articles 10.04, 12.12 and 13.09 are limited to the subject of insurance and do not negate the subsequently enacted general laws relating to escheats contained in Article 3272a. Therefore, you are hereby advised that fraternal benefit societies, burial associations, local mutual aid associations and mutual assessment companies are not

exempt from the provisions of Article 3272a and they are required to report to the State Treasurer of Texas all personal property which is in the condition specified in said Article.

## S U M M A R Y

Fraternal benefit societies, burial associations, mutual aid associations and local mutual assessment companies are exempt from the operation of general insurance laws, unless otherwise expressly provided. However, such societies and associations are not exempt from the general laws of the State of Texas governing escheat and are required to report abandoned property pursuant to the provisions of Article 3272a, Vernon's Civil Statutes of Texas.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By      _Ralph R. Rash_

Ralph R. Rash
Assistant Attorney General

RRR:nr

APPROVED:
OPINION COMMITTEE

Kerns B. Taylor, Chairman
Gordon Cass
Bill Allen
George Gray
Brandon Bickett

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright