THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 4, 1969

Honorable Preston Smith
Governor of Texas
Austin, Texas

Opinion No. M-463

Re:  Validity of Senate Bill 667,
      Acts of 61st Legislature,
      Regular Session, 1969 re-
      lating to licensing of
      psychologists

Dear Governor Smith:

        Your request for an opinion on the validity of
Senate Bill 667, Acts of 61st Legislature, Regular Session,
1969, Chapter 713, Page 2059 (codified in Vernon's as
Article 4512C, Vernon's Civil Statutes), asks the following
questions:

        "1.  Does this caption meet the constitutional
        requirement of giving notice to the public in
        that it makes no reference to the definition
        of who is a 'psychologist'; it makes no reference
        to qualifications of members of the Board; it
        makes no reference to the qualifications of appli-
        cants for examination for certification; it makes
        no reference to exemptions from the act; it makes
        no reference to cancellation or suspension of
        licenses or certificates; and it makes no refer-
        ence to criminal penalties for violations of the
        act?

        "2.  Does Section 4 of this Act establishing
        staggered three year terms violate the provisions
        of Article XVI, Section 30 or Article XVI, Section
        30a, of the Texas Constitution?

        "3.  Is the definition of the term 'psycholo-
        gists' within Section 2(b) and (c) of this Act
        so vague and indefinite that it is impossible of
        interpretations and enforcement in view of Wilson
        v. State Board of Naturopathic Examiners, 298
        S.W.2d 946 and Ex Parte Halsted, 182 S.W.2d 479?

-2293-

"4. Is any other provision of this Act in conflict with the laws and Constitution of this State or these United States?"

Section 35 of Article III of the Constitution of Texas provides:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Although the above provision is mandatory upon the Legislature, it should be given a liberal construction. Cannons v. Hemphill, 7 Tex. 184 (1851); State v. Praetorians, 143 Tex. 565, 186 S.W.2d 973, 158 A.L.R. 596 (1945). The purpose of this section is to afford legislators and other interested people a ready and reasonably accurate means of knowledge of the contents of bills without their having to read the full text. Falkner v. Allied Finance Company of Bay City, 394 S.W.2d 208, (Civ.App. 1965, error ref. n.r.e.); Schlichting v. Texas State Board of Medical Examiners, 310 S.W.2d 557 (Sup.Ct. 1958); Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722 (1955). Therefore, it is not necessary that the caption state the details of the provisions of the Act so long as the reader of the caption is not misled as to the real contents of the Bill. State v. McCracken, 42 Tex. 383 (1875); Gunter v. Texas Land & Mortgage Co., 82 Tex. 496, 17 S.W. 840 (1891); English & Scottish-American Mortgage & Investment Co., Ltd. v. Hardy, 93 Tex. 289, 55 S.W. 169 (1900). However, if the reader of the caption is misled, and the bill actually deals with a different subject than that contained in the caption, or contains provisions not contemplated, or contains provisions to which no fair notice was given in the caption, the act will be in violation of Section 35 of Article III of the Constitution of Texas. Board of Water Engineers v. City of San Antonio, supra; Harris County Fresh Water Supply District No. 55 v. Carr, 372

S.W.2d 523 (Sup.Ct. 1963); Fletcher v. State, 439 S.W.2d 656 (Sup.Ct. 1969); White v. State, 440 S.W.2d 660 (Tex.Crim. 1969).

The caption of Senate Bill 667 provides:

"An Act concerning the profession of Psychology; requiring certification and licensing of psychologists; establishing a Texas State Board of Examiners of Psychologists; making an appropriation and declaring an emergency."

The body of the Bill provides for the certification and licensing of Psychologists, establishes a Texas State Board of Examiners of Psychologists, and makes provisions for the duties of the Board, qualifications of applicants and other related provisions. It is our opinion that a reader of the caption is given fair notice of the purpose and intent of the Act and, therefore, the caption meets the requirements of Section 35 of Article III of the Constitution of Texas.

Section 30 of Article XVI of the Constitution of Texas provides that the duration of all offices not fixed by this Constitution shall never exceed two years. Section 30a of Article XVI of the Constitution of Texas provides:

"The Legislature may provide by law that the members of the Board of Regents of the State University and boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State, and such boards as have been, or may hereafter be established by law, may hold their respective offices for the term of six (6) years, one-third of the members of such boards to be elected or appointed every two (2) years in such manner as the Legislature may determine; vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section." (emphasis added).

Section 4 of Senate Bill 667 provides:

"There is hereby created the Texas State
Board of Examiners of Psychologists which shall
consist of six qualified persons appointed by
the governor with the advice and consent of
the Senate.  The members of the first Board shall
be appointed within ninety days after this Act
takes effect to serve the following terms;  two
members for one year, two members for two years,
and two members for three years from the date of
their appointment.  Thereafter, at the expiration
of the term of each member, the governor shall
appoint a successor for a term of three years.
Before, entering upon the duties of his office,
each member of the Board shall take the consti-
tutional oath of office and file it with the
Secretary of State."

It is evident that Section 30 of Article XVI of
the Constitution of Texas limits the terms of office to two
years, unless a different term of office is authorized by
other constitutional provisions.  Section 4 of Senate Bill 667
does not comply with Section 30a; and since the terms fixed
by Section 4 are not authorized by any other constitutional
provision, such section is invalid.

Section 31 of Article XVI of the Constitution of
Texas provides:

"The Legislature may pass laws prescribing
the qualifications of practitioners of medicine
in this State, and to punish persons for mal-
practice, but no preference shall ever be given
by law to any schools of medicine."   (emphasis added).

The purpose of Section 31 of Article XVI of the Constitution of
Texas is stated in Ex Parte Halsted, 182 S.W.2d 479 (Tex.Crim.
1944) as follows:

"We come now to a determination of whether
the Act before us is violative of the non-
preference clause of Art. 16, Sec. 31, of our

State Constitution. Said Section is a part of the Constitution of 1876, and has remained unchanged through the years. It is and has been the basis upon which has rested the legislative control over, and definition of, the practice of medicine. It furnishes the direct reasons why the courts have steadfastly held that, if one treats or offers to treat, as a business, profession, or avocation, diseases or disorders of the human body--by any method, system, or means-- he must first qualify himself to do so by taking the same examination that is required of all others doing the same thing, regardless of the system employed. Not only was such interpretation authorized, but same was required by that provision of said Art. 16, Sec. 31, which says that 'No preference shall ever be given by law to any schools of medicine.' The term 'schools of medicine,' as there used, means, and has reference to, the system, means, or method employed, or the schools of thought as accepted, by the practitioner. Such is exemplified by Chapter 12, Acts 27th Legislature, 1901, wherein the Legislature created three separate Boards of Medical Examiners in this State, each representing a particular system, method, or school of thought, for the treatment of disease, that is, a Board of Examiners for the allopaths, one for the homeopaths, and one for the eclectics. However, the subjects embraced in the examination required for license under either Board were the same, such requirement being necessary in order that there be no preference between the three different schools of thought. The Act of 1901 was superceded by our present Medicinal Practice Act, passed in 1907, c. 123.

"Under the Medical Practice Act, one desiring to practice medicine must possess certain qualifications as to character and educational attainments, Art. 4501, R.C.S., and must pass a satisfactory examination upon certain basic subjects, Art. 4503, R.C.S." (emphasis added).

The Court concluded that the Legislature could not carve out of the field of the healing art a single system for treating diseases and disorders and give such system special treatment limiting the use thereof to those only who qualify. The Court held that such legislation violates Section 31 of Article XVI of the Constitution of Texas.

The same conclusion was reached in Wilson v. State Board of Naturopathic Examiners, 298 S.W.2d 946 (Tex.Civ.App. 1957 error ref. n.r.e.), cert. denied 355 U.S. 870, 78 Sup. Ct. 121, 2 L ed 2d 76, wherein the Court construed the Naturopathic Act as authorizing and not denying the practice of medicine in specialized fields and giving preference to naturopathy in violation of Section 31 of Article XVI of the Constitution of Texas. Thus, it has been held that where an Act both authorizes and prohibits simultaneously the practice of medicine, such Act is either in violation of Section 31 of Article XVI of the Constitution or is void for vagueness since the Act will be incapable of enforcement. Ex Parte Halsted, supra; Wilson v. State Board of Naturopathic Examiners, supra.

Section 3 of Senate Bill 667 provides:

"Nothing in this Act shall be construed as permitting the practice of medicine as defined by the laws of this state."

The practice of medicine is defined in Article 4510, Vernon's Civil Statutes and Article 741, Vernon's Penal Code, as follows:

"Any person shall be regarded as practicing medicine within the meaning of this law:

(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof;
(2) or who shall diagnose, treat or offer to treat any disease or disorder, mental or physical or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation;"

Section 3 of Senate Bill 667 specifically provides that its provisions shall not permit the practice of medicine as defined by the laws of this state and an examination of the remaining provisions of the Senate Bill 667 does not reveal any provisions which would authorize a licensee to diagnose, treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof.

"Psychiatry" is a branch of medicine that relates to mental diseases and deals with the science and practice of treating mental, emotional, and behavioral disorders. Wallach v. Monarch Life Insurance Co., 295 N.Y.S.2d 109, 111 (58 Misc. 2d 202 1968); Mashak v. Poelker, 356 S.W.2d 713, 720 (Mo.App. 1962). Psychology on the other hand is the study of an individual's mental characteristics as memory intelligence, emotionality, intelligence, or speed of reaction. Calhoun v. Members of Board of Education, City of Atlanta, 188 F.Supp. 401, 409, (1959). Section 2 of Senate Bill 667 contains the following definitions:

"(b) A person represents himself to be a 'psychologist' within the meaning of this Act when he holds himself out to the public by any title or description of services incorporating the words 'psychological,' 'psychologists,' or 'psychology,' or offers to render or renders services to individuals, corporations, or the public for compensation.

"(c) The term 'psychological services,' means acts or behaviors coming within the purview of the practice of psychology."

Therefore, a psychiatrist in Texas is an individual who has been issued a license to practice medicine in this state by the Texas Board of Medical Examiners and specializes in the treatment of mentally ill individuals, while a psychologist in Texas has not been issued a license to practice medicine in this state, is not authorized to practice medicine, and is not permitted to treat or offer to treat mentally ill persons. No provision in Senate Bill 667 permits the performance of any act constituting the practice of medicine. See Attorney General

Opinion No. M-453(1969). Therefore, the conflict referred to in Ex Parte Halsted, supra, and Wilson v. State Board of Naturopathic Examiners, supra, does not exist in Senate Bill 667. Thus, we conclude that the provisions of Senate Bill 667 neither violate Section 31 of the Constitution of Texas nor is it void for the vagueness or uncertainty described in Wilson v. State Board of Naturopathic Examiners, supra, and Ex Parte Halsted, supra.

In answer to the fourth question, it is our opinion that with the exception of Section 4 of Senate Bill 667 referred to above, no other provision of this Act which has come to our attention appears to be in conflict with any provision of the Constitution of this State or of the United States.

## S U M M A R Y

The provisions of Senate Bill 667, Acts of 61st Legislature, Regular Session, 1969, Chapter 713, Page 2059 (relating to licensing of Psychologists) are not in violation of either Section 35 of Article III of the Constitution of Texas or Section 31 of Article XVI of the Constitution of Texas. Section 4 of Senate Bill 667 prescribing terms for Board members for three years is in violation of Section 30 of Article XVI of the Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman
Bill Corbusier
Houghton Brownlee, Jr.

Sarah E. Phillips
Harold Kennedy

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant