Honorable Ernest W. Tullis Administrator Texas Employment Commission Austin, Texas 78778
Re: Authority of the Chairman of the Texas Employment Commission
Dear Mr. Tullis:
You ask our opinion on the power and authority of the Chairman of the Employment Commission to act without the concurrence of other members of the Commission. Article 5221b-8, V.T.C.S. creates the Texas Employment Commission, consisting of three members: a representative of labor, a representative of employers, and an impartial member who represents the public generally. The statute requires the impartial member to serve as chairman of the Commission and as executive director of all divisions of the Commission. You inform us that at a recent meeting the Commission considered the appointment of a person to fill an administrative position in the agency. The chairman voted to name a particular individual, another commissioner abstained, and the third commissioner wished to interview the person. You ask whether the person for whom the chairman voted now occupies the administrative position.
Article 5221b-9 gives the Commission the duty to administer the Texas Unemployment Act. Section (f) of article 5221b-9 authorizes individual commissioners to administer oaths, issue subpoenas, and certify to official acts. Section (e) of article 5221b-9 originally authorized the impartial commissioner to act alone on a disputed claim for benefits in the absence or disqualification of any other member, but this provision was deleted in 1943. See Acts 1936, 44th Leg., 3rd C.S., ch. 482, § 10 at 2007; Acts 1943, 48th Leg., ch. 343, § 6 at 592. Most of the powers and duties defined by article 5221b-9 in its present form are granted to the Commission, and not to individual members. In particular, article 5221b-9, section (a) provides that
 It shall have power and authority . . . to employ such persons . . . as it deems necessary or suitable [to administer the Act].
Section (d) of article 5221b-9 provides:
 Subject to other provisions of this Act, the Commission is authorized to appoint, fix the compensation, and prescribe the duties and powers of such officers, accountants, attorneys, experts, and other persons as may be necessary in the performance of its duties.
 We believe that these provisions place authority to hire in the Commission, and not in the independent member of the Commission, either in his role as chairman or as executive director of divisions of the Commission.
The Commission can act only as a body at a stated meeting. State v. The Praetorians, 186 S.W.2d 973 (Tex. 1945); Webster v. Texas 
Pacific Motor Transport Co., 166 S.W.2d 75 (Tex. 1942). The authority granted the Commission may be exercised by a majority of commissioners. V.T.C.S. art. 10, § 5; see also V.T.C.S. art. 5429b-2, § 2.03(a). The minority may not, however, bind the majority. Brown v. District of Columbia, 127 U.S. 579, 586
(1888). The Supreme Court of Texas, in holding invalid an order approved by two members of the Railroad Commission without notice to the third member, noted that if he had been present he might have persuaded the others not to approve it. Webster v. Texas 
Pacific Motor Transport Co. supra at 78. Implicit in the Court's statement and in the authorities it cites is the view that administrative boards operate by majority rule. Since the person considered by the Commission did not receive a majority vote, he does not now occupy the administrative position.
You also ask whether the designation of the impartial member as executive director affects his power and authority in relation to the other commissioners. The Act names the impartial member executive director of all divisions of the Commission, but does not give him any express powers to exercise in that role. Nor does the Act establish any divisions, although as originally enacted, it required the Commission to have a State Employment Service Division, and an Unemployment Compensation Division. Acts 1936, 44th Leg., 3rd C.S., ch. 482, § 10 at 2006. The Commission may establish the divisions necessary to administer the Act under its express power to `determine its own organization and methods of procedure in accordance with the provisions of this Act.' V.T.C.S. art. 5221b-9, § (a). Although the statute does not confer any powers on the executive director, we believe he has such authority over each division as is implicit in his title or conferred upon him by the Commission. See V.T.C.S. art. 5221b-9, §§ (a), (d). We do not believe that the impartial member's role as executive director expands his authority and power as a Commission member. As we have noted, most of the powers and duties relating to the administration of the act are conferred on the Commission as a body, and not on individual members. We find no authority for the impartial member to overrule the other commissioners on matters, such as employment, entrusted by statute to the Commission.
 SUMMARY
The powers conferred by statute upon the Texas Employment Commission, such as the power to employ administrators, are to be exercised as a body, by decision of the majority. The powers conferred upon the impartial commissioner as executive director do not affect his power and authority as a member of the Commission.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee