

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 13, 1977

Honorable Ernest W. Tullis                    Opinion No. H-979
Administrator
Texas Employment Commission                   Re:  Authority of the Chair-
Austin, Texas 78778                           man of the Texas Employment
                                              Commission

Dear Mr. Tullis:

     You ask our opinion on the power and authority of the
Chairman of the Employment Commission to act without the con-
currence of other members of the Commission.  Article 5221b-8,
V.T.C.S. creates the Texas Employment Commission, consisting
of three members: a representative of labor, a representative
of employers, and an impartial member who represents the public
generally.  The statute requires the impartial member to serve
as chairman of the Commission and as executive director of all
divisions of the Commission.  You inform us that at a recent
meeting the Commission considered the appointment of a person
to fill an administrative position in the agency.  The chairman
voted to name a particular individual, another commissioner
abstained, and the third commissioner wished to interview the
person.  You ask whether the person for whom the chairman voted
now occupies the administrative position.

     Article 5221b-9 gives the Commission the duty to administer
the Texas Unemployment Act.  Section (f) of article 5221b-9
authorizes individual commissioners to administer oaths, issue
subpoenas, and certify to official acts.  Section (e) of article
5221b-9 originally authorized the impartial commissioner to act
alone on a disputed claim for benefits in the absence or dis-
qualification of any other member, but this provision was
deleted in 1943.  See Acts 1936, 44th Leg., 3rd C.S., ch. 482,
§10 at 2007; Acts 1943, 48th Leg., ch. 343, §6 at 592.  Most
of the powers and duties defined by article 5221b-9 in its
present form are granted to the Commission, and not to indivi-
dual members.  In particular, article 5221b-9, section (a)
provides that

          it shall have power and authority . . .
          to employ such persons . . . as it deems
          necessary or suitable [to administer the
          Act].

Section (d) of article 5221b-9 provides:

> Subject to other provisions of this Act,
> the Commission is authorized to appoint,
> fix the compensation, and prescribe the
> duties and powers of such officers,
> accountants, attorneys, experts, and other
> persons as may be necessary in the perfor-
> mance of its duties.

We believe that these provisions place authority to hire in
the Commission, and not in the independent member of the
Commission, either in his role as chairman or as executive
director of divisions of the Commission.

The Commission can act only as a body at a stated meeting.
State v. The Praetorians, 186 S.W.2d 973 (Tex. 1945); Webster
v. Texas & Pacific Motor Transport Co., 166 S.W.2d 75 (Tex.
1942). The authority granted the Commission may be exercised
by a majority of commissioners. V.T.C.S. art. 10, §5; see
also V.T.C.S. art. 5429b-2, §2.03(a). The minority may not,
however, bind the majority. Brown v. District of Columbia,
127 U.S. 579, 586 (1888). The Supreme Court of Texas, in
holding invalid an order approved by two members of the Railroad
Commission without notice to the third member, noted that if he
had been present he might have persuaded the others not to
approve it. Webster v. Texas & Pacific Motor Transport Co.,
supra at 78. Implicit in the Court's statement and in the
authorities it cites is the view that administrative boards
operate by majority rule. Since the person considered by
the Commission did not receive a majority vote, he does not
now occupy the administrative position.

You also ask whether the designation of the impartial
member as executive director affects his power and authority
in relation to the other commissioners. The Act names the
impartial member executive director of all divisions of the
Commission, but does not give him any express powers to
exercise in that role. Nor does the Act establish any divi-
sions, although as originally enacted, it required the
Commission to have a State Employment Service Division, and
an Unemployment Compensation Division. Acts 1936, 44th Leg.,
3rd C.S., ch. 482, §10 at 2006. The Commission may establish
the divisions necessary to administer the Act under its express
power to "determine its own organization and methods of pro-
cedure in accordance with the provisions of this Act." V.T.C.S.

art. 5221b-9, §(a). Although the statute does not confer any powers on the executive director, we believe he has such authority over each division as is implicit in his title or conferred upon him by the Commission. See V.T.C.S. art. 5221b-9, §§ (a), (d). We do not believe that the impartial member's role as executive director expands his authority and power as a Commission member. As we have noted, most of the powers and duties relating to the administration of the act are conferred on the Commission as a body, and not on individual members. We find no authority for the impartial member to overrule the other commissioners on matters, such as employment, entrusted by statute to the Commission.

## S U M M A R Y

The powers conferred by statute upon the Texas Employment Commission, such as the power to employ administrators, are to be exercised as a body, by decision of the majority. The powers conferred upon the impartial commissioner as executive director do not affect his power and authority as a member of the Commission.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml