ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 7, 2004

Mr. Geoffrey S. Connor
Texas Secretary of State
Post Office Box 12697
Austin, Texas 78711-2697

Opinion No. GA-0185

Re: Residency requirements for directors of the
Texas Mexican Railway Company (RQ-0133-GA)

Dear Secretary Connor:

You ask about the residency requirements for directors of the Texas Mexican Railway Company ("Tex-Mex"), formerly the Corpus Christi, San Diego and Rio Grande Narrow Gauge Railroad Company.[1]

You indicate that the predecessor of Tex-Mex was created in 1875 by a special act of the legislature, effective March 13, 1875 (the "Incorporation Act"). *See* Act approved Mar. 13, 1875, 14th Leg., 2d C.S., ch. 73, 1875 Tex. Gen. Laws 114. Section 9 of the Incorporation Act provided that "the permanent organization of this company shall be perfected within six months of the passage of this act, and fifty miles of its road completed within two years, and ten miles each year thereafter, or this charter shall be forfeited as to that portion not built." *Id.* at 117. Section 13 of that act provided "[t]hat this charter shall remain in force for the period of ninety-nine years from the date of the passage of this act." *Id.* at 118. Thus, the Incorporation Act serves as the articles of incorporation for the entity that became Tex-Mex.

The Incorporation Act did not provide for an extension of the charter beyond its expiration date of March 12, 1974. On December 19, 1973, Tex-Mex submitted to the Secretary of State "Articles of Amendment to the Articles of Incorporation of the Texas Mexican Railway Company," which purport to amend the Incorporation Act and extend the existence of the corporation. *See* Texas Secretary of State, Articles of Amendment to the Articles of Incorporation of the Texas Mexican Railway Company (Dec. 19, 1973) (filed with Secretary of State on Feb. 28, 1974) (on file with Opinion Committee) [hereinafter Articles of Amendment]. The relevant portion of the Articles of Amendment stated that "[t]he extended period or term of its duration is Fifty (50) years from March 12, 1974, the date of termination of the original term of the Articles of Incorporation." *Id.* at 1.

---

[1]*See* Letter from Geoffrey S. Connor, Texas Secretary of State, to Honorable Greg Abbott, Texas Attorney General (Nov. 19, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

The Incorporation Act, *i.e.*, the 1875 Articles of Incorporation, did not impose a residency requirement on directors of the corporation. You ask whether the Tex-Mex directors must comply with the residency requirements of article 6288 of the Revised Civil Statutes. *See* Request Letter, *supra* note 1, at 1. In order to answer this question, we must first determine the statutory authority under which the charter extension was granted in 1974.

The December 19, 1973 Articles of Amendment filed with the Secretary of State recite that the articles are filed "[p]ursuant to the provisions of Article 4.04 of the Texas Business Corporation Act" (the "TBCA"), which describe the process for amending articles of incorporation. Articles of Amendment, at 1. But article 2.01 of the TBCA provides, and provided in 1974, that "[n]o corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State . . . [i]f any one or more of its purposes is to operate any of the following: . . . (e) railroad companies[.]" TEX. BUS. CORP. ACT ANN. art. 2.01B(4)(e).[2] To be sure, under the terms of article 9.14 of the TBCA, certain provisions of the TBCA applied to the 1974 charter extension:

> This Act does not apply to domestic corporations organized under any statute other than this Act . . . ; provided, however, that if any domestic corporation was heretofore or is hereafter organized under or is governed by a statute other than this Act or the Texas Non-Profit Corporation Act . . . that contains no provisions in regard to some of the matters provided for in this Act . . . then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such other statute[.]

*Id.* art. 9.14A (Vernon Supp. 2004). Thus, as your office indicates, while certain procedural provisions of the TBCA "would permit the form and format for articles of amendment detailed in article 4.04 of the TBCA to be used by corporations created under special law[,] . . . . use of the form and format and reference in the preamble would not have worked to change the law applicable to and the character of the corporation." Wassdorf Letter, *supra* note 2, at 2. The TBCA, therefore, does not apply to the substantive provisions of the charter extension. Accordingly, the Articles of Amendment filed in 1974 must have been granted pursuant to other law, specifically title 112 of the Revised Civil Statutes, which relates to railroads.

Title 112 comprises articles 6259 through 6559 of the Revised Civil Statutes. *See* TEX. REV. CIV. STAT. ANN. arts. 6259-6559 (Vernon 1926 & Supp. 2004). Article 6268, which was enacted in 1876 and amended in 1949, describes the process of "renewing a railroad corporation which has

---

[2]"Subsection C of Article 2.01 of the TBCA, added in 1989, permits certain railroad companies to incorporate under the TBCA provided that the company operates a railroad passenger service by contracting with a railroad corporation and does not construct, own or maintain railroad track. [*See* TEX. BUS. CORP. ACT ANN. art. 2.01C (Vernon 2003) (added by Act of May 26, 1989, 71st Leg., R.S., ch. 971, § 2, 1989 Tex. Gen. Laws 4048.] This is a narrow exception that does [not] apply to Tex-Mex because it was created to operate both passenger and freight service and to own, construct and maintain track." Letter from Lorna Wassdorf, Director, Business & Public Filings Division, Texas Secretary of State, to Bradley J. Richards, Haynes and Boone, LLP (Nov. 17, 2003) (on file with Opinion Committee) [hereinafter Wassdorf Letter]. In addition, subsection C of article 2.01 was not in effect in 1974 at the time of the charter renewal.

expired by lapse of time," *i.e.*, by filing a resolution and certificate with the Secretary of State. *Id.* art. 6268 (Vernon Supp. 2004). Article 6263 provides that articles of incorporation "shall be submitted to the Attorney General, and, if he finds them to be in accordance with the provisions of this chapter and not in conflict with the laws of the United States or of this State, he shall attach thereto a certificate to that effect." *Id.* art. 6263 (Vernon 1926). It appears that this procedure was followed with regard to the Tex-Mex Articles of Amendment. By letter of February 27, 1974, Attorney General John L. Hill issued the following declaration:

> I hereby certify that I have examined the attached Articles of Incorporation, as amended, of the Texas Mexican Railway Company, and find them to be in formal compliance with the provisions of Chapter 1, Title 112, and not in conflict with the laws of the United States or of this State.

Letter from Honorable John L. Hill, Texas Attorney General (Feb. 27, 1974) (on file with Opinion Committee). Thus, both statutory law in existence at the time the charter extension was granted, and the certification by the Attorney General that the amended Articles of Incorporation were "in formal compliance with the provisions of Chapter 1, Title 112," which include article 6268, indicate that since 1974, Tex-Mex has been operating under the aegis of title 112 of the Revised Civil Statutes.

It has been suggested that the charter extension was granted under the terms of the Incorporation Act rather than title 112.[3] As we have noted, the Incorporation Act itself was the original charter of Tex-Mex.[4] Because it did not provide for an extension of the Tex-Mex charter, the Incorporation Act in effect expired simultaneously with the expiration of the original charter. Neither the amended Articles of Incorporation signed on December 19, 1973, nor the certification by the Attorney General in 1974, suggest that the charter extension was made pursuant to the Incorporation Act. Indeed, they explicitly declare otherwise. As we have noted, the only law under which the charter could have been extended was title 112 of the Revised Civil Statutes.

Having concluded that the charter extension was granted under title 112 of the Revised Civil Statutes, we consider whether the residency requirement in that title applies to Tex-Mex. The Incorporation Act did not address residency requirements for directors of the entity that later became Tex-Mex. But article 6288 of title 112 does impose a residency requirement:

> All the corporate powers of every railroad corporation shall be vested in and be exercised by the legally constituted board of directors. Every such corporation shall have a board of directors of

---

[3]*See* Brief from Bradley J. Richards, Haynes and Boone, LLP, to Honorable Greg Abbott, Texas Attorney General (Jan. 23, 2004) (on file with Opinion Committee).

[4]The 1876 Constitution prohibited the legislature from "pass[ing] any local or special law . . . for incorporating railroads." TEX. CONST. art. III § 56. Section 8 of article 10 of the 1876 Constitution "include[d] an express provision . . . that no railroad in existence at the time of the adoption of the Constitution shall have the benefit of any future legislation except on condition of complete acceptance of all of the provisions of the Constitution applicable to railroads." Wassdorf Letter, *supra* note 2, at 1 (citing TEX. CONST. art. X § 8 (repealed 1969)).

> not less than seven (7) nor more than fifteen (15) persons, except in case of railroad corporations conducting common carrier operations on railroad lines comprising a total of two hundred (200) miles, or less, of main track, the number of directors shall be not less than five (5) nor more than nine (9), each of whom shall be a stockholder in said corporation. *A majority of said directors shall be resident citizens of this State, and shall so remain resident citizens during their continuance as such directors.*

TEX. REV. CIV. STAT. ANN. art. 6288 (Vernon Supp. 2004) (emphasis added). It is of course the case that the enactment of a general law does not ordinarily operate as a repeal of a special law by implication. *See State v. Praetorians*, 186 S.W.2d 973, 976 (Tex. 1945). In our view, however, title 112 did not impliedly repeal the Incorporation Act. The Incorporation Act was a special law, whose sole purpose was to charter the predecessor of Tex-Mex, and the act continued to operate until 1974. As we have noted, Tex-Mex has operated from 1974 under title 112, specifically article 6288. That statute imposes residency requirements on a majority of Tex-Mex directors. We conclude, therefore, that title 112, article 6288 of the Revised Civil Statutes governs the residency requirements for directors of Tex-Mex.

## S U M M A R Y

Title 112, article 6288 of the Revised Civil Statutes governs the residency requirements for directors of the Texas Mexican Railway Company.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee